LEONARD DAVIS, Plaintiff-Appellant, v. JOHN HINDE, Defendant-Appellee.

Second District   No. 2—85—0536

Opinion filed March 17, 1986.

Jeffrey D. Schultz and David A. Novoselsky, both of Chicago, for appellant.

Michael Resis and Glen E. Amundsen, both of Querrey, Harrow, Gulanick & Kennedy, of Waukegan, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Leonard Davis, appeals pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) from an order of the circuit court of Lake County which imposed sanctions on his failure to comply with discovery. The trial court certified two questions of law concerning those sanctions, and we allowed leave to appeal. Plaintiff seeks to have the sanctions reversed.

The action from which this interlocutory appeal arises involved a personal injury suit filed by plaintiff, a bus driver, alleging that a vehicle owned and operated by defendant, John Hinde, struck the rear of a bus operated by Davis while the bus was stopped. Before plaintiff's discovery deposition was taken, defendant requested the names of clients represented by plaintiff's attorney within the last three years who were also treated by plaintiff's physicians. Although plaintiff did not object within 28 days, he did so thereafter, claiming that the names were privileged. The trial court ordered disclosure within

14 days. Plaintiff did not comply with the order and filed a motion to reconsider which was denied. When plaintiff's attorney continued to refuse to comply, defendant filed a motion for sanctions which was granted. Plaintiff's second motion for reconsideration was also denied, and pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) two questions of law were certified. Plaintiff was granted leave to appeal by this court.

The questions of law presented are: (1) Whether the recent Illinois Supreme Court decision of *Sears v. Rutishauser* (1984), 102 Ill. 2d 402, entitles a defendant in a personal injury case to the production during discovery of a list of the names and addresses of all clients of plaintiff's attorney's law firm who had been treated by plaintiff's physicians within the last three years, and (2) Whether, pursuant to *Sears v. Rutishauser* (1984), 102 Ill. 2d 402, the trial court abused its discretion in ordering sanctions when plaintiff's attorney did not comply with the said discovery order for production.

In *Sears v. Rutishauser* (1984), 102 Ill. 2d 402, our supreme court addressed the question of whether a defense counsel should be allowed to cross-examine plaintiff's expert witness concerning the number and frequency of referrals the expert had received from plaintiff's attorney and the financial benefit derived from them. The court concluded that such cross-examination should be permitted in this State. In reaching this conclusion, however, the court warned that the thorough cross-examination of medical doctors must be tempered with protection of the doctor-patient privilege as well as avoidance of sub-trials on issues remote from the subject of the lawsuit or pertaining to cases having no relation to the litigation (102 Ill. 2d 402, 408). Also, it specifically stated that the subpoena of the doctor's patients' records in that case would have violated the doctor-patient privilege (102 Ill. 2d 402, 411). The court perceived the underlying motivation for such questioning to be the search for the truth, which is often quite difficult in cases where there is conflicting medical testimony concerning the severity of plaintiff's injuries. Therefore, the court viewed the opportunity to weigh the credibility of each witness as having great importance in securing an informed jury decision in such cases.

In the present case, for the purposes of discovery, pursuant to Supreme Court Rule 214 (87 Ill. 2d R. 214) defendant requested plaintiff's attorney to produce a list of the names of every client represented by his firm who had also been treated by plaintiff's treating doctors. Defendant's stated purpose was to try to establish the existence of a lucrative business relationship between a Chicago based law

firm and Lake County clients receiving treatments for soft-tissue injuries in Lake County and that the opinion of the testifying doctor was the natural and expected result of his employment. Asserting both the attorney-client and physician-patient privilege, plaintiff's attorney declined to turn over the requested material, even though the court ordered him to do so. Although the rationale of the *Sears* court's decision was similar to the stated purpose of the production request in the present case, namely to provide a safeguard against errant expert testimony, we conclude that the present court's ruling exceeded the boundaries set forth in *Sears*. This court has recently reasserted that generally the identity of a lawyer's client is outside the scope of the attorney-client privilege except in those cases when application is shown to be in the public interest, or will harm the client in some substantial way. (*Shatkin Investment Corp. v. Connelly* (1984), 128 Ill. App. 3d 518.) In the present case, however, by identifying the clients as requested, the attorney would at the same time be revealing the names of patients who were being treated or who have in the past been treated by plaintiff's doctors. With the *Sears* holding in mind, two questions must then be answered: first, does the revelation of a patient's name in the circumstances described violate the doctor-patient privilege and second, would the revelation of the names result in subtrials remote from the subject of the present lawsuit?

In *People v. Florendo* (1983), 95 Ill. 2d 155, the court held that the public interest in maintaining the breadth of the grand jury's power to conduct investigations necessary to ferret out criminal activity outweighed the interest of a patient in maintaining confidentiality in his or her medical dealings with a physician. Plaintiff interprets *Florendo* to mean that the doctor-patient privilege may only be abridged when the public has an overriding interest. Although we question whether such a strict interpretation of *Florendo* is warranted, it is nevertheless true that the court distinguished several cases on the basis that they involved discovery proceedings in civil trials where the identity of a physician's other patients as well as the nature of their treatment was sought. (95 Ill. 2d 155, 160-61.) Just the disclosure of a patient's name does not necessarily violate the physician-patient privilege. (*Geisberger v. Willuhn* (1979), 72 Ill. App. 3d 435.) Among the cases both in Illinois and in other jurisdictions that have dealt with the question of whether, in a medical malpractice action, discovery may be had of the names of other patients to whom the defendant physician has given treatment similar to that allegedly injuring the plaintiff, there has been general agreement that such information is privileged and may not be obtained through discovery.

This was especially true where the obtaining of the names of such patients would or might provide the person seeking the discovery with information which under any and all circumstances would be privileged and not subject to discovery (Annot., 74 A.L.R.3d 1055 (1976)). In *Parkson v. Central Du Page Hospital* (1982), 105 Ill. App. 3d 850, the court held that even though the Illinois statute on the physician-patient privilege exempts civil malpractice actions, that exception would be limited to only disclosure of the records of the patient who brought the action. The *Parkson* court favorably cited other jurisdictions where it was held that the statutory physician-patient privilege prohibits a physician from revealing to a plaintiff in a civil malpractice action the identities, ailments and treatments of his patients who are not parties to the litigation. (105 Ill. App. 3d 850, 854.) Defendant argues that the mere disclosure of names does not reflect what treatment, if any, the patients received from the physician in question. The record indicates, however, that defendant stated to the trial court that if he had the names and addresses he requested he would be able to subpoena the claim files and get information necessary for proper cross-examination without violating anyone's privileges. It is not entirely clear which files defendant is referring to. Nevertheless, even though the names supplied alone would not reveal the patient's diagnoses and treatment, since defendant appears to be interested only in soft-tissue injuries, in order to get the information desired it appears that a review of those records at some point in time would be necessary. Consequently, we view defendant in the present case, as in *Parkson,* as ultimately seeking specific medical information about nonparty patients.

In *Lebrecht v. Tuli* (1985), 130 Ill. App. 3d 457, the court referred to the *Sears* decision to illustrate the permissible inquiry allowed in order to show the bias or interest of an expert witness. In that case, defense counsel sought to establish the origin of the expert physician's relation to plaintiff's counsel. The court found that the trial judge did not abuse its discretion by allowing such cross-examination. In making this determination the court specifically noted that defense counsel did not inquire into collateral matters such as other lawsuits. 130 Ill. App. 3d 457, 478.

Although it is arguable that the revelation of an arrangement between attorneys and doctors, such as defendant suggests, would be in the public interest, the matter is collateral to the issue of plaintiff's immediate action. Furthermore, even if the names were supplied, other patients contacted and their waivers and records obtained, it would be impossible to determine from a cursory questioning of the

doctors either at a deposition or at trial whether each particular case varied in any way from plaintiff's problem so as to validly establish the generalization defendant seeks. In our opinion, this would necessarily result in the time consuming subtrials remote from the subject of the lawsuit as warned against by the *Sears* court. We conclude, therefore, that the request for production in its present form was too broad and that for the purpose of showing bias and attacking credibility it should have been limited to the number and frequency of referrals from plaintiff's attorney and any financial benefit derived therefrom.

Since we have concluded that the order compelling production of the names in question was not proper under *Sears,* the second certified question no longer applies.

For the reasons stated, we conclude that the production requested by defendant was beyond the limits set forth in *Sears v. Rutishauser* (1984), 102 Ill. 2d 402, and based on this conclusion, the sanctions were incorrectly imposed by the trial court.

The judgment of the circuit court of Lake County is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SCHNAKE and STROUSE, JJ., concur.