THE VILLAGE OF ARLINGTON HEIGHTS, Plaintiff-Appellant, v. JULIE BARTELT, Defendant-Appellee.

First District (1st Division)   No. 1—88—2859

Opinion filed March 25, 1991.

Massucci, Blomquist, Brown & Judson, of Arlington Heights (Brian S. Crowley, of counsel), for appellant.

Guy M. Karm, of Mt. Prospect, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff Village of Arlington Heights appeals a decision of the circuit court of Cook County granting defendant Julie Bartelt's motion to quash her arrest. The charge at issue is driving under the influence

of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)). The trial court held there was no probable cause for defendant's arrest. For the following reasons, we affirm.

The following evidence was adduced at the hearing on the motion to quash the arrest. On April 19, 1988, defendant was driving her car on Walker Drive in Arlington Heights. At approximately 9:54 p.m., she lost control of the vehicle, striking a tree. Arlington Heights police officer Mertlick arrived on the scene at approximately 10:30 p.m. Several squad cars were already on the scene, the first having arrived at about 10 p.m. Officer Mertlick arrived while defendant was being treated by paramedics and did not speak to defendant at the scene. Defendant was then taken to a hospital for treatment.

Officer Mertlick remained at the scene of the accident for a little over an hour and a half. He spoke to a witness to the collision, Kenneth Worm, who stated that defendant had been travelling about 55 miles per hour (in a 30-mile-per-hour zone), when he heard a sliding noise and saw the car leave the road. He further told the officer that he saw no other cars on the road.

Officer Mertlick then spoke with defendant at the hospital in the presence of her parents. Defendant stated that she was forced to leave the road by an oncoming car with bright headlights. The officer noticed nothing unusual about defendant's appearance or speech at this time. The officer did detect a faint odor of alcohol coming from defendant, though he was unable to tell whether defendant consumed alcohol before the accident or whether the odor was due to defendant's treatment. No tickets were issued at this time.

Leaving the hospital, Officer Mertlick spoke with a nurse, John Byer, in the emergency room. Mertlick had met Byer about 75 to 100 times previously. Byer volunteered to Mertlick that defendant's blood sample showed an extremely high blood-alcohol level, in excess of .20%. Nevertheless, based on his experience with DUI arrests, Mertlick believed he lacked probable cause to arrest defendant or order a blood test from her at that time.

The following day, Mertlick spoke with a fellow officer about the matter. The other officer told him of a new section of the DUI statute which permitted the use of hospital records as evidence in a DUI prosecution. The officers then consulted with the village attorney's office, which recommended continuing with the case and issuing a citation. On April 26, 1988, a full week after the accident, citations were issued and defendant was arrested, even though there had been no formal request by the police for a blood sample.

■ The sole issue on appeal is whether there was probable cause to arrest defendant. In reviewing a motion to quash an arrest for DUI, this court's inquiry is whether the trial court's decision was manifestly erroneous. *People v. Brodeur* (1989), 189 Ill. App. 3d 936, 938, 545 N.E.2d 1053, 1055.

■ In deciding whether the probable cause requirement has been met, a court must determine whether a reasonable, prudent person with the knowledge possessed by the officer at the time of the arrest would have believed defendant committed the offense. An officer's factual knowledge, based on prior experience, is relevant to making this determination. *People v. Tisler* (1984), 103 Ill. 2d 226, 237, 469 N.E.2d 147, 153.

In this case, the record indicates that Officer Mertlick testified that other than the conversation with the nurse, there was no sign of intoxication or alcohol use by defendant. Officer Mertlick did not arrest defendant until he heard about a change in the Illinois Vehicle Code which provides in relevant part:

> "(a) Notwithstanding any other provision of law, the written results of blood alcohol tests conducted upon persons receiving medical treatment in a hospital emergency room are admissible in evidence as a business record exception to the hearsay rule only in prosecutions for any violation of Section 11—501 of this Code or a similar provision of a local ordinance ***.
>
> * * *
>
> (b) The confidentiality provisions of law pertaining to medical records and medical treatment shall not be applicable with regard to blood alcohol tests performed under the provisions of this Section in prosecutions as specified in subsection (a) of this Section. No person shall be liable for civil damages as a result of the evidentiary use of blood alcohol test results under this Section, or as a result of that person's testimony made available under this Section." Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501.4(a), (b).

See also Village of Arlington Heights Municipal Code 1965, ch. 18.

Section 8—802 of the Illinois Code of Civil Procedure creates a physician-patient privilege, providing in relevant part:

> "No physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve such patient, except only *** (9) in prosecutions where written results of blood alcohol tests are admis-

sible pursuant to Section 11—501.4 of the Illinois Vehicle Code." Ill. Rev. Stat. 1987, ch. 110, par. 8—802.

■ It appears that the amendment to the Illinois Vehicle Code authorizes the use of written test results as evidence in prosecutions. Plaintiff claims that the statute also authorizes the use of oral statements of the type at issue in this case for the purpose of establishing probable cause to assist in prosecutions. Plaintiff, however, does not cite any specific reference to any statute or precedent in support of this proposition. In the absence of any such authority, it would appear that the general statutory physician-patient privilege will be deemed to apply, rather than the exception to that privilege for blood-alcohol test results. See Ill. Rev. Stat. 1987, ch. 110, par. 8—802.

Even if an exception to the privilege did apply, the nature of the physician-patient relationship is such that the patient has a right to expect that her medical records will only be disclosed pursuant to judicially authorized methods of discovery. *Cf. Petrillo v. Syntex Laboratories, Inc.* (1986), 148 Ill. App. 3d 581, 499 N.E.2d 952, *cert. denied* (1987), 483 U.S. 1007, 97 L. Ed. 2d 738, 107 S. Ct. 3232 (barring *ex parte* conferences between a physician and the patient's legal adversary, even where exception for malpractice cases applies).

■ The privilege has also been interpreted to bind hospitals and their support personnel as well as physicians. (*Parkson v. Central Du Page Hospital* (1982), 105 Ill. App. 3d 850, 435 N.E.2d 140.) It was therefore improper to disclose the results of the hospital's blood-alcohol test outside the rules of discovery, based upon the record in this case. The record demonstrates that absent this improperly disclosed information, there was no probable cause to arrest defendant. See *Mapp v. Ohio* (1961), 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684.

In sum, plaintiff has failed to demonstrate that the trial court was manifestly erroneous in granting the motion to quash the arrest for lack of probable cause.

For the above reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

MANNING, P.J., and O'CONNOR, J., concur.