Kevin Michael BENNETT, By and Through Cynthia and Jerry BENNETT, his mother and father, natural guardians and next friends, Plaintiff,

v.

Merle J. FIESER, et al., Defendants.

No. 93–1004–MLB.

United States District Court,
D. Kansas.

Jan. 28, 1994.

Donald Andersen and Derek Casey, Michaud, Hutton, Fisher & Andersen, Wichita, KS, for plaintiff.

Brian Wright, Turner and Boisseau, Great Bend, KS, for defendant Merle Fieser.

Steven Day, Woodard, Blaylock, Hernandez, Pilgreen & Roth, Wichita, KS, for defendant Central Kansas Medical Center.

ORDER

REID, United States Magistrate Judge.

On October 26, 1993, the court issued an order regarding claims of privilege as to three interrogatories. Defendant Central Kansas Medical Center appealed the decision to Judge Belot. On January 20, 1994, Judge Belot affirmed the decision of this court. The order of October 26, 1993 set deadlines for Central Kansas Medical Center to provide summaries of the documents for which a privilege is claimed, and for plaintiff to renew their motion to compel if they believe that some or all of the documents are not privileged. Now that that decision has been affirmed, new deadlines need to be established. Therefore, Central Kansas Medical Center shall prepare a summary of each document for which a privilege has been asserted, in accordance with this court's order of October 26, 1993. The summaries shall be provided

to opposing counsel by February 22, 1994. Plaintiff will then have until March 14, 1994 to file a renewed motion to compel if they believe that some or all of the documents for which a privilege is claimed is not privileged. In their renewed motion, plaintiff must indicate as to each document why it is not privileged.

IT IS THEREFORE ORDERED that the parties shall comply with the guidelines set forth above in accordance with this court's order of October 26, 1993.

The second issue before the court is plaintiff's motion to compel defendant Central Kansas Medical Center (CKMC) to produce the emergency room records of a non-party burn patient, filed on January 4, 1994 (Doc. 92). A response was filed by CKMC on January 18, 1994 (Doc. 96), and a reply brief was filed on January 20, 1994 (Doc. 98). Defendant Merle Fieser filed a response on January 24, 1994 (Doc. 100).

This is a medical malpractice action in which the plaintiff, Kevin Bennett, alleges that the defendant hospital was negligent in selecting, supervising and retaining defendant Fieser as a staff physician, and that defendant Merle Fieser was negligent in handling Kevin's birth. Part of the claim of negligence is that defendant Fieser abandoned Kevin's mother for three hours in active labor. During her deposition, defendant Fieser stated that she left Kevin's mother for one and one-half hours because she had to attend to a burn patient in the emergency room. Plaintiff therefore seeks the emergency room records of the non-party burn patient in order to determine the condition of the burn patient and whether defendant Fieser needed to be in the emergency room to attend to the burn patient.

Plaintiff has agreed that the name of the burn patient and any other identifying information should be deleted. However, plaintiff states that if they are able to locate the burn patient by means independent of formal discovery, counsel will interview the burn patient and possibly call the patient as a witness at trial. However, CKMC has refused to release the emergency room records of the burn patient unless plaintiff agrees that they will not make any effort to ascertain the name of the patient, and will not attempt to contact the patient. CKMC contends that this condition is necessary in order preserve the confidentiality of the patient in accordance with the physician-patient privilege. Plaintiff has refused to agree to such a condition, and therefore filed this motion.

The physician-patient privilege is set out in K.S.A.1992 Supp. 60–427. The privilege has three requirements: (1) there must be a patient and a physician, (2) there must be a confidential communication between physician and patient (confidential communication between physician and patient includes information obtained by the doctor through an examination of the patient), and (3) either the physician or the patient must have reasonably believed the communication necessary or helpful to enable the physician to treat or diagnose the patient's condition. *State v. Pitchford*, 10 Kan. App.2d 293, 296, 697 P.2d 896 (1985). The purpose of the statute is to encourage persons needing medical aid to seek it without fear of betrayal. *Id.* In other words, the privilege encourages free and frank disclosure between patient and physician to assist the physician in proper diagnosis and appropriate treatment. Denial of the privilege would possibly cause one suffering from a particular ailment to withhold pertinent information of an embarrassing or otherwise confidential nature for fear of being publicly disclosed. *Terre Haute Regional Hospital, Inc. v. Trueblood*, 600 N.E.2d 1358, 1360 (Ind.1992).

The first issue before the court is whether the release of medical records of a non-party by a hospital with the name and other identifying information of a patient deleted violates the physician-patient privilege. No Kansas case has yet addressed this issue, and the parties have failed to cite any authority on this issue. However, the issue has been addressed in many other jurisdictions. The vast majority of states that have addressed this issue have held that non-party patient medical records are discoverable and do not violate the physician-patient privilege where there are adequate safeguards to protect the identity of the non-party patient.

*E.g., Terre Haute Regional Hospital, Inc. v. Trueblood,* 600 N.E.2d at 1359; *Ventimiglia v. Moffitt,* 502 So.2d 14 (Fla.App.1986); *Ziegler v. Superior Court,* 134 Ariz. 390, 394, 656 P.2d 1251, 1254 (Ariz.App.1982); *Community Hospital Association v. District Court,* 194 Colo. 98, 100, 570 P.2d 243, 244 (1977); *but see Parkson v. Central Dupage Hospital,* 105 Ill.App.3d 850, 855, 61 Ill.Dec. 651, 654, 435 N.E.2d 140, 143 (1982) (physician-patient privilege violated even if names and identifying information removed from medical records).

Critical to the above opinions which have permitted discovery of medical records of a non-party patient is that there be sufficient safeguards to protect the identity and privacy of the non-party patient in order to preserve the spirit of the physician-patient privilege. In *Trueblood,* the court held that there were sufficient safeguards when the protective order prohibited the parties from revealing or contacting the non-party patients. 600 N.E.2d at 1362. In *Ziegler,* the appellate court allowed discovery of non-party medical records on the condition that the names and any other identifying information be deleted from the records. The court further required "that no attempt will be made by any of the attorneys or parties to learn the identity of the patients, or to in any way attempt to contact these patients." 656 P.2d at 1254. The court held that such an order adequately safeguards the privacy of the non-party patient while preserving the spirit of the physician-patient privilege. 656 P.2d at 1255. In *Community Hospital Association,* the trial court permitted discovery of non-party medical records on the condition that the names and other identifying information be deleted, and that "no attempt will be made by any of the attorneys or parties to learn the identity of the patients, or to in any way attempt to contact these patients." 570 P.2d at 244. The court held that the purpose of the physician-patient privilege has been achieved by the conditions imposed by the trial court. *Id.*

In the opinions cited above, not only were the names and other identifying information of the non-party patient deleted, but the courts also required that parties and counsel make no effort to learn the identity of the non-party patients or to attempt to contact such patients. Both conditions were deemed necessary in order to adequately protect the identity and privacy of the non-party patient and preserve the spirit of the physician-patient privilege. What plaintiff seeks to do in this case is the very thing that the courts in *Trueblood, Ziegler,* and *Community Hospital Association* would not permit if the medical records were turned over—to identify and contact the non-party patient.

In *Parkson,* the court refused to allow discovery of non-party medical records even if the names and identifying information was removed. The court gave the following reasoning for not allowing discovery on this condition:

> Whether the patients' identities would remain confidential by the exclusion of their names and identifying numbers is questionable at best. The patients' admit and discharge summaries arguably contain histories of the patients' prior and present medical conditions, information that in the cumulative can make the possibility of recognition very high. As the patients disclosed this information with an expectation of privacy, their rights to confidentiality should be protected. 61 Ill.Dec. at 655, 435 N.E.2d at 144.

In the absence of any requirement that the parties make no attempt to learn the identity of the non-party patient or to contact that patient, providing medical records with names and identifying information removed could nonetheless provide vital clues which would assist a party in identifying the non-party patient. Therefore, this court finds that discovery of non-party medical records should be permitted only on the condition that the patient's name and other identifying information be deleted from the records, and that the parties and counsel shall make no effort to learn the identity of the patient or attempt to contact the patient. The court finds that both conditions are necessary in order to provide adequate safeguards that preserve the physician-patient privilege by protecting the identity and privacy of the non-party patient. To remove the second condition would result in a complete loss of

the privilege if the plaintiff is able to obtain the name of the patient.

■ However, as plaintiff notes in their brief, Rule 26(c) "is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Bridge C.A.T. Scan Associates v. Technicare Corp.*, 710 F.2d 940, 944–45 (2d Cir.1983). The court may not issue an order limiting a party in the use it may make of information not acquired under the discovery rules, even though had the same information been sought through discovery the opposing party would have been entitled to a protective order. 4 Moore and Lucas, *Moore's Federal Practice*, ¶ 26.78 at p. 26–414 (1993); *see Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 104 S.Ct. 2199, 2208, 81 L.Ed.2d 17 (1984) ("a protective order prevents a party from disseminating only that information obtained through use of the discovery process ... the party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes"). Plaintiff therefore argues that the court cannot bar a party from attempting to learn, outside of the formal discovery process, the identity of, or contact the non-party patient whose medical records are sought.

The court finds that the case law relied on by plaintiff does not support their conclusion. First, plaintiff is relying on the discovery rules to seek the non-party patient medical records. Protective orders can clearly be entered to prevent a party from inquiring into certain matters or to limit the scope of discovery in order to protect a party or person from annoyance or embarrassment. Fed.R.Civ.P. 26(c)(4). Since plaintiff is relying on the discovery rules to obtain the medical records, the court has established two conditions in order to preserve the physician-patient privilege and therefore protect the identity and privacy of the non-party patient. Second, the reason courts are not allowed to prevent a party from disclosing material obtained outside of the discovery process is

because it would constitute a prior restraint on free speech. *Bridge C.A.T. Scan Associates*, 710 F.2d at 945–46; *see Seattle Times Co.*, 467 U.S. at 31–35, 104 S.Ct. at 2207–08. However, the court's requirement that plaintiff not attempt to identify or contact the non-party patient in no way limits or prevents the plaintiff from disclosing material it has obtained or may obtain. The right to speak and publish does not carry with it the unrestrained right to gather information. *Zemel v. Rusk*, 381 U.S. 1, 17, 85 S.Ct. 1271, 1281, 14 L.Ed.2d 179 (1965). The court's requirement in this case in no way limits the right of a party to speak or publish freely; it limits their right to gather information. Therefore, first amendment concerns are not implicated by the court's requirement.

IT IS THEREFORE ORDERED that Central Kansas Medical Center shall provide the emergency room records of the burn patient treated by Dr. Fieser at the Center on February 2, 1985 to the plaintiff. However, the patient's name and any other identifying information shall be deleted from those records before they are provided to the plaintiff. In addition, the parties to this case and their counsel shall make no effort to learn the identity of the patient or attempt to contact the patient.

Copies of this order shall be mailed to counsel of record for the parties.