{¶ 1} Defendant-appellant, Franciscan Hospital Mt. Airy Campus ("Franciscan"), appeals the judgment of the Hamilton County Court of Common Pleas ordering the disclosure of a patient's medical records in a suit for negligence filed by plaintiffs-appellees, Terri Alcorn and Gerald Alcorn.
 The Alleged Assault {¶ 2} In 2000, Terri Alcorn admitted herself to Franciscan because she was experiencing a manic episode related to her bipolar disorder. She was placed in Franciscan's psychiatric ward.
 {¶ 3} In a complaint filed in 2001, she alleged that she had been sexually assaulted by another patient in the psychiatric ward of the hospital. According to the complaint, Franciscan had negligently failed to protect her from the other patient in light of the hospital's knowledge of his assaultive propensities. Gerald Alcorn asserted a cause of action for loss of consortium.
 {¶ 4} As part of their discovery request, the Alcorns sought the medical records of the patient who had allegedly committed the sexual assault. The Alcorns were aware of the patient's identity and asked for his records by his name.
 {¶ 5} Although the patient was not a party to the action and had not received notice of the discovery request, the Alcorns argued that their interests in prosecuting their claims outweighed Franciscan's interest in preserving the physician-patient privilege.
 {¶ 6} After it had conducted an in camera review, the trial court granted the Alcorns' motion to compel the production of the records. In its entry, the court ordered Franciscan to produce records that pertained to the patient's treatment both before and after the alleged assault. And because it found portions of the records to be illegible, the court also required Franciscan "to produce any other pages which in good faith relate to the topics covered by" the records. The court ordered all the records to be produced under seal and to remain confidential.
Biddle and the Common-Law Privilege Exception
 {¶ 7} In a single assignment of error, Franciscan now argues that the trial court erred in granting the Alcorns' motion to compel the production of the records. As a threshold matter, we note that the granting of the motion to compel was a final appealable order under the circumstances of this case.[1]
 {¶ 8} In asserting their right to review the patient's records, the Alcorns conceded that the records did not fall within any of the statutory exceptions to the physician-patient privilege listed in R.C. 2317.02. Rather, the Alcorns relied on the common-law exception to the privilege formulated by the Supreme Court of Ohio in Biddle v. Warren Gen. Hosp.[2]
 {¶ 9} In Biddle, the court held that a hospital may disclose otherwise privileged medical information where "disclosure is necessary to protect or further a countervailing interest that outweighs the patient's interest in confidentiality."[3] The propriety of disclosure is a question of law, and we review the trial court's decision de novo.[4]
 {¶ 10} In a case substantially identical to the case at bar, the Second Appellate District held that the right of recourse for a hospital's breach of its duty to protect mentally ill patients under R.C. 5122.29 was a countervailing interest that outweighed the patient's interest in confidentiality.[5] But because the identity of the alleged attacker was unknown in Fair, the trial court was ordered to redact "all identifying information of the alleged attacker" to reduce the potential harmful effects of disclosure on the patient.[6]
 {¶ 11} We find the reasoning of the Fair court to be persuasive. Absent the medical records of the patient, the Alcorns would, as a practical matter, have been prevented from proving that Franciscan was aware of the patient's dangerous proclivities and therefore prevented from establishing a breach of duty on the part of the hospital.
 {¶ 12} Franciscan argues, though, that the trial court's inability to protect the identity of the patient in this case rendered the privilege more important than the Alcorns' right of redress. We disagree. It would be anomalous to deny redress in those cases in which the plaintiff happens to know the identity of the attacker, because the same interest in seeking recourse is implicated.
 {¶ 13} Here, the trial court took every practical measure to ensure that the patient's records would not be disclosed beyond the requirements for discovery. The court ordered the records sealed and imposed a confidentiality order on the parties. Under these circumstances, the court did not err in ordering the disclosure of the records.
 The Scope of Discovery {¶ 14} Franciscan next argues that, even if the order compelling the production of the records was proper, the trial court erred in ordering production of the records covering the period after the alleged assault. Franciscan argues that only the records predating the attack were relevant in establishing its knowledge of the patient's potential danger and in establishing the hospital's breach of its duty to the Alcorns.
 {¶ 15} Although the initial question of privilege was a matter of law, the management of the discovery process was solely within the discretion of the trial court.[7]
 {¶ 16} In this case, we agree with the Alcorns that the records relating to treatment after the assault were potentially relevant to Franciscan's breach of its duty. The records reflecting the treating physicians' knowledge of the patient's condition before the assault were therefore relevant to the reasonableness of the hospital's efforts to protect other patients.
 {¶ 17} And bearing in mind that the materials sought in discovery need not be admissible but merely reasonably calculated to lead to admissible evidence,[8] we hold that the trial court did not abuse its discretion in ordering the production of the documents relating to the patient's post-assault treatment.
 {¶ 18} Finally, Franciscan argues that the court erred by ordering the hospital to review related documents and to produce those that would clarify the portions of the records that were illegible. We agree that placing the onus on the hospital to determine what records to produce would likely be impractical and that an in camera review of the related documents by the court would be a more reasonable procedure. Accordingly, while we find no abuse of discretion in the trial court's order, we suggest that an alternative procedure would be preferable.
 Conclusion {¶ 19} We overrule the assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Painter and Winkler, JJ., concur.
Winkler, Retired, from the First Appellate District, sitting by assignment.
The court has recorded its own entry on the date of the release of this Decision.
[1] See Wozniak v. Kombrink (Feb. 13, 1991), 1st Dist. No. C-890531.
[2] 86 Ohio St.3d 395, 1999-Ohio-115, 715 N.E.2d 518.
[3] Id., paragraph two of the syllabus. See, also, Richards v.Kerlakian, 162 Ohio App.3d 823, 2005-Ohio-4414, 835 N.E.2d 768, at ¶ 5.
[4] See, generally, Biddle, supra.
[5] Fair v. St. Elizabeth Med. Ctr. (2000),136 Ohio App.3d 522, 527, 737 N.E.2d 106.
[6] Id. at 528, 737 N.E.2d 106.
[7] Chomczynski v. Cinna Scientific, Inc., 1st Dist. No. C-010170, 2002-Ohio-4605, at ¶ 22.
[8] Civ.R. 26(B)(1).