O’Donnell, J.,
concurring in part and dissenting in part.
{¶ 70} While I concur in the majority’s decision regarding punitive damages and the confidentiality of child-abuse reports pursuant to former R.C. 2151.421, I respectfully dissent from its holding that third-party medical records are never subject to discovery under Civ.R. 26(B)(1). In my view, this court’s decision in Biddle v. Warren Gen. Hosp. (1999), 86 Ohio St.3d 395, 715 N.E.2d 518, sets forth an appropriate test for determining when a claimant may discover information that might otherwise be subject to the physician-patient privilege. Moreover, *413 trial courts have the authority to enter discovery orders that protect the privacy interests of patients whose records are disclosed in these circumstances. Civ.R. 26(B)(6) and (C). Thus, I would reverse the judgment of the court of appeals in part and reinstate the trial court’s order compelling Planned Parenthood to disclose the third-party medical records, subject to a protective order and redaction of information that identifies these patients.
{¶ 71} In Biddle, this court recognized that the physician-patient privilege and a physician’s duty of confidentiality are not absolute. We reasoned that “ ‘[although public policy favors the confidentiality [of medical information], there is a countervailing public interest to which it must yield in appropriate circumstances.’ ” Biddle, 86 Ohio St.3d at 402, 715 N.E.2d 518, quoting MacDonald v. Clinger (1982), 84 A.D.2d 482, 487, 446 N.Y.S.2d 801. As we further emphasized, “special situations may exist where the interest of the public, the patient, the physician, or a third person are of sufficient importance to justify the creation of a conditional or qualified privilege to disclose in the absence of any statutory mandate or common-law duty.” Id., citing Hague v. Williams (1962), 37 N.J. 328, 336, 181 A.2d 345; Berry v. Moench (1958), 8 Utah 2d 191, 197, 331 P.2d 814; Simonsen v. Swenson (1920), 104 Neb. 224, 228, 177 N.W. 831; Johnston, Breach of Medical Confidence in Ohio (1986), 19 Akron L.Rev. 373, 384-392; Vickery, Breach of Confidence: An Emerging Tort (1982), 82 Colum.L.Rev. 1426, 1462-1468.
{¶ 72} Thus, we determined that a medical provider may “disclose otherwise confidential medical information in those special situations where disclosure is made in accordance with a statutory mandate or common-law duty, or where disclosure is necessary to protect or further a countervailing interest which outweighs the patient’s interest in confidentiality.” (Emphasis added.) Biddle, 86 Ohio St.3d 395, 402, 715 N.E.2d 518.
{¶ 73} Ohio’s appellate courts have since relied on this language for the proposition that a litigant may compel discovery of third-parties’ medical records from a physician or hospital pursuant to Civ.R. 26(B). See Fair v. St. Elizabeth Med. Ctr. (2000), 136 Ohio App.3d 522, 737 N.E.2d 106; Richards v. Kerlakian, 162 Ohio App.3d 823, 2005-Ohio-4414, 835 N.E.2d 768; Alcorn v. Franciscan Hosp. Mt. Airy Campus, Hamilton App. No. C-060061, 2006-Ohio-5896, 2006 WL 3231208; Cepeda v. Lutheran Hosp., Cuyahoga App. No. 90031, 2008-Ohio-2348, 2008 WL 2058588. Unlike the majority, I am of the view that these decisions reasonably interpret Biddle.
{¶ 74} The test we crafted in the syllabus of Biddle, permitting disclosure of medical records “where disclosure is necessary to protect or further a countervailing interest that outweighs the patient’s interest in confidentiality,” authorizes trial courts to balance the interests involved in these circumstances. Litigants *414 have a right to liberal discovery of information under the Civil Rules of Procedure. See Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 661-662, 635 N.E.2d 331. And while patients undeniably have an interest in maintaining the confidentiality of their medical information, the Civil Rules provide the means to safeguard that interest, and we have consistently recognized trial courts’ broad authority to enter protective orders in discovery. See, e.g., State ex rel. Abner v. Elliott (1999), 85 Ohio St.3d 11, 16, 706 N.E.2d 765.
{¶ 75} In this regard, Biddle is consistent with the decisions of numerous other states, which have similarly recognized the right to compel discovery of medical records from physicians and hospitals. As the court stated in Bennett v. Fieser (D.Kan.1994), 152 F.R.D. 641, “The vast majority of states that have addressed this issue have held that non-party patient medical records are discoverable and do not violate the physician-patient privilege where there are adequate safeguards to protect the identity of the non-party patient.” Id. at 642-643, citing Terre Haute Regional Hosp. v. Trueblood (Ind.1992), 600 N.E.2d 1358, 1359; Ventimiglia v. Moffitt (Fla.App.1986), 502 So.2d 14; Ziegler v. Superior Court in and for Pima Cty. (1982), 134 Ariz. 390, 394, 656 P.2d 1251; and Community Hosp. Assn. v. Dist. Court in and for Boulder Cty. (1977), 194 Colo. 98, 100, 570 P.2d 243. See also Amisub, Inc. v. Kemper (Fla.App.1989), 543 So.2d 470; Rudnick v. Superior Court of Kem Cty. (1974) 11 Cal.3d 924, 523 P.2d 643, 114 Cal.Rptr. 603; Osterman v. Ehrenworth (1969), 106 N.J.Super. 515, 256 A.2d 123; but see Parkson v. Cent. DuPage Hosp. (1982), 105 Ill.App.3d 850, 855, 61 Ill.Dec. 651, 435 N.E.2d 140.
{¶ 76} Particularly persuasive is the Supreme Court of Indiana’s decision in Trueblood, which held, “[W]here adequate safeguards exist to protect the identity and confidentiality of the non-party patient, the trial court may allow the discovery of the non-party patient medical records even where the patient has not waived the physician-patient privilege.” 600 N.E.2d at 1362. The court explained that “[a]long with a patient’s individual interest in quality medical care, the public has an interest in being protected from incompetent physicians” and that “[i]t is unlikely that a patient would be inhibited from confiding in his physician where there is no risk of humiliation and embarrassment, and no invasion of the patient’s privacy.” Id. at 1361, citing Ziegler, 656 P.2d at 1255. And as the court stated, “[i]n situations where the medical records are relevant, a ‘blanket prohibition against examination and use against the hospital of such records would result in an injustice.’ ” Id., quoting Ziegler, 656 P.2d. at 1255.
{¶ 77} Based on this authority and on Biddle, I would reverse the decision of the appellate court to vacate the trial court’s entry granting the Roes’ motion to compel discovery of medical records held by Planned Parenthood. In my view, the medical records requested by the Roes satisfy Civ.R. 26(B)(1), which provides *415 that information is discoverable when it is “relevant to the subject matter involved in the pending action” and that “[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.” We should not disturb the trial court’s ruling in this regard in the absence of an abuse of discretion. See State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 57, 63 O.O.2d 88, 295 N.E.2d 659. Furthermore, because the trial court placed the medical records under a protective order and ordered them redacted, the physician-patient privilege will not be violated by their disclosure by Planned Parenthood.
{¶ 78} Accordingly, I dissent from this part of the majority’s decision.