THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, *v.* ROBERT STUFFLEBEAM, Defendant—(AARON PATRICK, Contemnor-Appellant.)

(No. 11814;

Fourth District—May 14, 1974.

Harold M. Jennings, of Markowitz, Lawrence, Lenz, Jennings, & Naylor, of Bloomington, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (Steven M. Helm, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Appellant appeals a finding that he was in contempt of court and a sentence imposed under the following order:

## "ORDER OF COMMITMENT

After finding that witness Aaron PATRICK had previously waived the 5th Amendment and ordering him to testify,

It is found that respondent Aaron PATRICK is guilty of wilful contempt for continuing to refuse to testify.

It is ordered that the clerk issue a mittimus directing the sheriff to take and keep custody of Aaron PATRICK or until 10 September 1972 or until released by process of law."

There is no record of the proceedings and the facts are ascertained from a certain stipulation of the State's Attorney and counsel for the defendant, which includes the following:

In September of 1971, appellant was served a subpoena to testify as a defense witness in a cause in litigation before the Circuit Court of McLean County, said cause being entitled *People v. Stiles.* He appeared without counsel and was questioned by defense counsel and by Paul R. Welch, State's Attorney of McLean County, as a witness in that trial. Defense counsel, in the matter of *People v. Stiles,* sought to elicit from appellant, as a witness in such case, that the witness had participated in the burglary with the defendant Stiles, and that at the time of the burglary he had been a police informer or police agent. Appellant denied participation in the burglary and denied being a police informer. Subsequent to such testimony, the trial judge suggested to the prosecutor and to defendant Stiles' attorney that the court believed that appellant may have committed perjury in his testimony. No such charges were brought or prosecuted as to appellant. However, he was subse-

quently advised that the trial court had indicated that perjury may have been committed by appellant.

On March 10, 1972, the appellant was subpoenaed to testify for the defense in the trial of Robert Stufflebeam, in the Circuit Court of McLean County with the present judge presiding. The trial of Stufflebeam concerned the same factual occurrence as the 1971 burglary case hereinbefore referred to as *People v. Stiles.* Appellant was still without counsel, and was again asked questions with reference to the burglary and his involvement therein. He refused to answer said questions on the ground that he might incriminate himself. The trial judge found that his denials of participation made in the prior trial had constituted a waiver of privilege against self-incrimination. When defendant still declined to answer, the trial judge then ordered the appellant immediately incarcerated for contempt of court and entered *instanter* the order quoted.

After the entry of the order defendant procured counsel who moved that bond be fixed and that defendant be permitted to purge himself of contempt. The court refused to hear arguments or proceed on the motion for purgation, although no objection was made. Bond pending appeal was denied in the trial court, but fixed in this court.

■■■ The trial court erred in concluding that testimony by appellant in the trial of Stiles constituted a waiver of his privilege against self-incrimination in the present proceeding. In *People v. Walker*, 28 Ill.2d 585, 192 N.E.2d 819, it was asserted that defendant had waived his privilege against self-incrimination by voluntarily testifying both upon his application for probation and before a grand jury. The court stated that the doctrine of waiver is limited to the particular proceeding in which the voluntary testimony is given and testimony at a first trial is not a waiver of self-incrimination claimed at a subsequent trial. In *In re Neff*, 206 F.2d 149, 36 A.L.R.2d 1398, the court said:

> "It is settled by the overwhelming weight of authority that a person who has waived his privilege of silence in one trial or proceeding is not estopped to assert it as to the same matter in a subsequent trial or proceeding. The privilege attaches to the witness in each particular case in which he may be called on to testify, and whether or not he may claim it is to be determined without reference to what he said when testifying as a witness on some other trial, or on a former trial of the same case, and without reference to his declarations at some other time or place."

This rule was followed in *Ottomano v. United States*, 468 F.2d 269.

■■ It appears that the trial court assumed that the proceedings might be treated as a direct criminal contempt. As such a proceeding, there is no adequate order nor is there any record supporting the finding.

It was held in *People v. Loughran*, 2 Ill.2d 258, 118 N.E.2d 310:

> "In a direct criminal contempt proceeding, that is, for contempts committed in the presence of the judge, in court, which he observes and has personal knowledge of, no formal charge is filed and no plea, issue or trial is required. [Citation.] The contempt having been committed in the presence of the court, evidence is unnecessary and no record is made. [Citation.] However, the accused has a right of appeal, and it is, therefore, necessary for the court to enter a written order setting forth fully and clearly the facts out of which the contempt arose so that the reviewing court may determine if the committing court had jurisdiction to enter the order. [Citation.] All the essential facts must be fully set forth and no part thereof can be supplied by presumptions or inferences [Citation.] and no facts which did not occur in the presence of the court should be taken into consideration by the court in adjudging guilt or in fixing the punishment. [Citation.]"

A similar statement is made in *People v. Miller*, 51 Ill.2d 76, 281 N.E.2d 292. Within such rule, the purported finding in the "order of commitment" is a bare conclusion. The stipulation of facts filed in lieu of the record makes clear that the trial court did not sit at the trial where appellant purportedly waived his privilege so that the trial judge did not, in fact, have personal knowledge of all acts necessary to properly make a finding of contempt. The rule of *People v. Tomashevsky*, 48 Ill.2d 559, 273 N.E.2d 398, is that if there is conduct outside of the personal knowledge of the judge:

> "[T]hen all elements of procedural due process must be observed, including notice, written charges, and an opportunity to deny and defend such charges before guilt is adjudged and sentence imposed." 48 Ill.2d at 565.

As stated in *Tomashevsky*, if the purported adjudication is for direct contempt it is not supported by either an order of contempt or an adequate record, and if for indirect contempt the appellant has not been accorded the requirement of procedural due process. For all of such reasons, the purported conviction of the appellant is found to be void and without force and the appellant is discharged.

Order set aside and appellant discharged.

SMITH, P. J., and CRAVEN, J., concur.