(No. 54500.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. ARNOLD BICKHAM, Appellee.

*Opinion filed January 21, 1982.*

2

SIMON, J., took no part.

Tyrone C. Fahner, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Melbourne A. Noel, Jr., and Mark L. Rotert, Assistant Attorneys General, of Chicago, and Marcia B. Orr and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mitchell, Hall, Jones & Black, of Chicago (Aldus Mitchell, of counsel), for appellee.

JUSTICE MORAN delivered the opinion of the court:

On January 26, 1979, the circuit court of Cook County found Dr. Arnold Bickham (respondent) in contempt of court for failure to comply with two *subpoenas duces tecum* issued by the November 1978 grand jury. The court ordered respondent incarcerated until he purged himself of contempt and then stayed the order pending appeal. The appellate court affirmed, but modified the order, holding respondent in contempt of court only for failure to comply with one of the subpoenas, No. 208, which requested the medical records of Sherry Emry. It held that the information sought by the other subpoena, No. 200, did not fall within the exceptions contained in

section 5.1(2) and (6) of "An Act in regard to evidence and depositions" (Act) (Ill. Rev. Stat. 1979, ch. 51, pars. 5.1(2), (6)). (90 Ill. App. 3d 897.) The State was granted leave to appeal.

Section 5.1 of the Act provides:

> "No physician or surgeon shall be permitted to disclose any information he may have acquired in attending any patient in a professional character, necessary to enable him professionally to serve such patient, except only *** (2) in actions, civil or criminal, against the physician for malpractice, (3) with the expressed consent of the patient, or in case of his death or disability, of his personal representative *** (6) in any criminal action where the charge is either murder by abortion, attempted abortion or abortion ***."

The sole issue on appeal is whether exception (2) or (6) in section 5.1 of the Act, commonly referred to as the physician-patient privilege, requires respondent to comply with grand jury subpoena No. 200.

The facts were set forth by the appellate court and will be repeated only to the extent they relate to the issue before us. The grand jury issued two subpoenas requesting that respondent, as president of the Water Tower Reproductive Center, Ltd. (Water Tower), produce medical records with respect to 63 women. Subpoena 200 listed 62 patients treated at Water Tower between August 26, 1978, and October 21, 1978. Subpoena 208 sought the medical records of Sherry Emry. The State obtained a waiver of privilege executed by the administratrix of Ms. Emry's estate. Water Tower filed a motion to quash the subpoenas, asserting that the medical records were the personal property of respondent and that he was protected under the fifth amendment privilege as well as the physician-patient privilege. At the conclusion of the hearing on the motion to quash, the trial court, in order to determine if any privilege was applicable, ordered respondent to tender the medical records for an in-camera inspection. Respondent refused to comply with this order.

The State then filed a petition for a rule to show cause why respondent should not be held in contempt of court. At the conclusion of the hearing on the petition, the court ruled that the records belonged to Water Tower, not the respondent individually, and ordered that respondent comply with the *subpoenas duces tecum.* Upon his refusal, he was held in contempt of court.

On appeal, the appellate court held that the subpoenaed records were the property of Water Tower and that respondent, therefore, was prevented from invoking the fifth amendment privilege against self-incrimination. The court also found that due to the waiver by the personal representative of Sherry Emry's estate, respondent could not assert the physician-patient privilege with respect to subpoena 208 and that he was properly held in contempt for refusing to produce her records. The appellate court found, however, that the exceptions to the physician-patient privilege for criminal actions involving malpractice or abortion were not applicable with respect to subpoena 200, and respondent should not be held in contempt for refusing to provide the grand jury with the medical records of the 62 patients listed in that subpoena. It is from this portion of the appellate court opinion that the State appeals.

According to the State, exceptions (2) and (6) to the physician-patient privilege are applicable in the instant case. Inasmuch as there is no criminal offense of "malpractice," the State interprets exception (2) to mean conduct in relation to any aspect of a physician's practice. The State further asserts that the information sought by subpoena 200 was in connection with a criminal investigation regarding respondent's practice and, hence, exception (2) was applicable.

We note initially the awkward verbiage of exception (2) referring to a criminal action for malpractice which, as

the State points out, is not a criminal offense. Yet, if the State's interpretation were to be adopted, it would eviscerate subsection (6), which sets forth as an exception to the privilege criminal actions against a physician where the charge is murder by abortion, attempted abortion or abortion. That is, if exception (2) referred to a criminal action regarding any aspect relating to a physician's practice, there would be no need for the legislature to delineate specific offenses in subsection (6).

Even if we presume the State's interpretation as to the meaning of exception (2) to be correct, the record does not reveal a criminal investigation into respondent's medical practice. The State argues that statements made by respondent during the course of the hearings implicitly indicated his knowledge of a criminal investigation regarding his medical practice. We have reviewed the statements pointed out by the State and find that they do not reveal respondent knew a criminal investigation relating to his "criminal malpractice" or relating to an abortion charge was being conducted. Moreover, as the State concedes, the subpoenas did not state that a criminal complaint had been filed against respondent or that a criminal investigation was being conducted into his medical practice. The subpoenas on their face could have explicitly stated the nature of the investigation being undertaken. Yet, the subpoenas merely stated that a complaint was made before the grand jury against "John Doe." Further, the purpose of the investigation was not revealed during the hearings before the trial court. Compare *People v. Dorr* (1970), 47 Ill. 2d 458, 459, *cert. denied* (1971), 402 U.S. 929, 28 L. Ed. 2d 863, 91 S. Ct. 1527, *People v. Ryan* (1951), 410 Ill. 486, 492, and *People v. Allen* (1951), 410 Ill. 508, 517-18, where the purpose of the grand jury investigation was revealed.

This court has recognized the desirability in maintain-

ing the breadth of the grand jury's power to conduct investigations regarding criminal violations. (*People v. Dorr* (1970), 47 Ill. 2d 458, 462, *cert. denied* (1971), 402 U.S. 929, 28 L. Ed. 2d 863, 91 S. Ct. 1527. See *United States v. Calandra* (1974), 414 U.S. 338, 344, 38 L. Ed. 2d 561, 569, 94 S. Ct. 613, 618; *Branzburg v. Hayes* (1972), 408 U.S. 665, 700, 33 L. Ed. 2d 626, 650, 92 S. Ct. 2646, 2666.) The legislature, on the other hand, has recognized the patient's interest in maintaining confidentiality in his or her medical dealings with a physician, and enacted the physician-patient privilege in section 5.1 of the Act. We acknowledge that the privilege should not be used as a shield by the physician; rather, it is for the benefit of the patient. Yet, it is certainly reasonable to presume that the 62 women named in subpoena 200 obtained medical care with the expectation that their medical records would remain confidential.

We agree with the appellate court that without a showing that a criminal action relating to malpractice or abortion is involved, exceptions (2) and (6) to the statutory physician-patient privilege are not applicable. Inasmuch as the record fails to establish the necessary showing, we hold that in the instant case exceptions (2) and (6) to the physician-patient privilege do not compel respondent to comply with subpoena No. 200.

We note that the grand jury has been supplied with the names of the 62 women whose records it is seeking. There has been no consent for disclosure of medical records by any of the 62 women, as there was by the personal representative of the estate of Sherry Emry. As the appellate court observed, if the State obtains expressed consent from these women, whose identities it knows, exception (3) to the physician-patient privilege would be applicable. Respondent then could be compelled to produce their medical records.

For the above-stated reasons, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE SIMON took no part in the consideration or decision of this case.