PRESIDING JUSTICE STOUDER delivered the opinion of the court: This is an appeal from an interlocutory order (certified question of law under Supreme Court Rule 308). On March 7, 1983, the Peoria County Circuit Court granted an order compelling defendants Rathnam, a psychiatrist and Girmscheid, a psychologist to submit to discovery depositions and testify as to their treatment of the third defendant Endicott. The underlying claim is a wrongful death action brought on behalf of Beverly Novak who died after being shot in the face by defendant Endicott. Plaintiff alleges that Rathnam and Girmscheid, the two treating therapists, breached a duty to the general public and to the victim to protect them from injury by allowing Endicott to be released from the Zeller Mental Health Center. At his homicide trial in Florida, Endicott called Rathnam and Girmscheid who testified as to their treatment of Endicott while at the Zeller Mental Health Center. Endicott was subsequently found not guilty by reason of insanity. Plaintiff contends that by testifying at the earlier proceeding the two therapists waived their right to assert a testimonial privilege on behalf of Endicott. We find that Rathnam and Girmscheid did not waive the privilege conferred by the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1981, ch. 91½, par. 810) and, therefore, that the therapists may assert the privilege in this proceeding. Neither plaintiff nor defendant contends that the Mental Health and Developmental Disabilities Confidentiality Act does not apply. Both parties agree that the testimonial privilege described in section 10 of the Act is applicable. Section 10 provides that «*** |n any (.^1^ criminal, administrative, or legislative proceeding, or in any proceeding preliminary thereto, a recipient, and a therapist on behalf and in the interest of a recipient, has the privilege to refuse to disclose and to prevent the disclosure of the recipient’s record or communication.” (Ill. Rev. Stat. 1981, ch. 91½, par. 810(a).) No party contends that any of the exceptions enumerated in sections 10(aXl) through (8) is applicable. Ill. Rev. Stat. 1981, ch. 91½, pars. 810(a)(1) through (8). Therefore, because the statutory privilege applies in this case the sole issue before this court is whether the right to assert the privilege was waived by Rathnam and Girmscheid testifying at the previous homicide trial. No court in Illinois had decided the specific issue before this court. However, in People v. Stufflebeam (1974), 19 Ill. App. 3d 462, 311 N.E.2d 601, this court decided that the constitutional privilege against self-incrimination waived in one proceeding was not a waiver in a subsequent proceeding even though both cases were based upon the same body of facts. We find the reasoning of this court in Stufflebeam analogous to the facts in this case. We also find that the Florida homicide trial and this wrongful-death action are not related as were the proceedings in People v. Leppert (1982), 105 Ill. App. 3d 514, 443 N.E.2d 21. Furthermore, the Act itself restricts consent to the disclosure of medical records and treatment by therapists. The consent must be in writing. (Ill. Rev. Stat. 1981, ch. 91½, par. 805.) The Act prohibits blanket consent (Ill. Rev. Stat. 1981, ch. 91½, par. 805(c)) and advance consents unless “the nature *** of the consent is indicated.” (Ill. Rev. Stat. 1981, ch. 91½, par. 805(c).) No agreement to waive any provision of the Act is valid. (Ill. Rev. Stat. 1981, ch. 91½, par. 814.) Plaintiff’s contention that once testimony has been elicited concerning treatment the privilege is forever waived is inconsistent with these statutory restrictions on disclosure. This court, therefore, finds that the previous disclosure of privileged information at the homicide trial did not waive the therapists’ rights and obligations to assert the privilege on behalf of defendant Endicott in the wrongful death proceeding. Accordingly, we reverse the judgment of the circuit court of Peoria County and remand for further proceedings consistent with this opinion. Reversed and remanded. ALLOY and SCOTT, JJ., concur.