THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN PAUL PHILLIPS, Defendant-Appellee.

Fifth District   No. 5—83—0467

Opinion filed October 22, 1984.—Rehearing denied November 29, 1984.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Dennis S. Waks, of Carbondale, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

This is a State appeal from two pretrial orders entered by the circuit court of Jackson County. The first order precluded the State from utilizing certain testimony offered by defendant's psychologist at a prior unrelated trial, on the ground that this testimony was privileged under section 10 of the Mental Health and Developmental Disabilities Confidentiality Act (hereinafter the Act) (Ill. Rev. Stat. 1981, ch. 91½, par. 810). The second order granted a defense motion *in limine* which sought to prevent the State from introducing evidence of another offense under a theory of *modus operandi*. Both orders are appealable by the State. See *People v. McQueen* (1983), 115 Ill. App. 3d 833, 835-36.

The facts giving rise to the first order can be succinctly stated. In this case, defendant was charged with kidnaping and sexually assaulting a woman in Carbondale. In August 1982, after the charges in this case had been filed, defendant was convicted in Williamson County of attempting to kidnap a woman. At the Williamson County trial, defendant offered an insanity defense. In support of that defense, defendant offered the testimony of Dr. Gordon Plumb, his psychologist, who testified that defendant had an uncontrollable urge to attack women. When asked on cross-examination about the basis for this conclusion, Dr. Plumb indicated, among other things, that defendant told him how he had abducted a woman from a public location in Carbondale. In a motion filed in the instant case, defendant sought to prevent the State from introducing evidence of his statements to Dr. Plumb. Following a hearing, the court granted the motion, finding that defendant's waiver of the therapist-patient privilege in the Williamson County case did not operate as a waiver in this case.

In *Novak v. Rathnam* (1983), 119 Ill. App. 3d 847, 457 N.E.2d 158, *appeal allowed* (1984), 99 Ill. 2d 530, the appellate court for the third district considered the issue presented here, and concluded that waiver of the privilege conferred by the Act in one case did not operate as a waiver in a subsequent case. The court relied on *People v. Stufflebeam* (1974), 19 Ill. App. 3d 462, 464, 311 N.E.2d 601, in which it was held that waiver of the constitutional privilege against self-incrimination in one proceeding did not operate as a waiver of that

privilege in another. The court in *Novak* also relied on the section of the Act prohibiting blanket and advance consents to the disclosure of information (Ill. Rev. Stat. 1981, ch. 91½, par. 805(c)), and on the section providing that no agreement to waive any provision of the Act is valid (Ill. Rev. Stat. 1981, ch. 91½, par. 814). *Novak v. Rathnam* (1983), 119 Ill. App. 3d 847, 849.

■ Upon careful consideration of this issue, we are compelled to disagree with the holding of *Novak*. While the constitutional privilege against self-incrimination operates to prevent the State from forcing an accused to admit facts tending to establish his own guilt, and thus regulates a fundamental aspect of the relationship between the government and the governed, the privileges of the type under consideration here serve a different purpose. Rather than limit or regulate the power of the State, privileges such as those existing between therapist and patient, attorney and client, and husband and wife operate to encourage candid interaction in certain personal relationships which, in the opinion of the legislature or the court, are best served by the issuance of a societal guarantee that what is said in the course of those relationships shall be secret. Thus, while the State in the former case may not force an accused to admit his crimes in court on the ground that he did so once before (*People v. Stufflebeam* (1974), 19 Ill. App. 3d 462, 464, 311 N.E.2d 601), a different analysis is applied in cases concerning privileges of the latter type, wherein it is usually held that disclosure of the "secret" by the person benefiting from the privilege operates as a waiver of that privilege (see *People v. Simpson* (1977), 68 Ill. 2d 276, 281, 369 N.E.2d 1248 (marital privilege); *Turner v. Black* (1960), 19 Ill. 2d 296, 309, 166 N.E.2d 588 (attorney-client privilege); *Gottemoller v. Gottemoller* (1976), 37 Ill. App. 3d 689, 696, 346 N.E.2d 393 (psychiatrist-patient privilege)). For these reasons, we believe that the *Novak* court's reliance on *Stufflebeam* is misplaced, and that the principles of waiver applied generally to privileged communications apply with equal force here. Moreover, the sections of the Act relied on by the court in *Novak* do not address themselves to the situation here, where defendant, by calling Dr. Plumb to testify in the Williamson County trial, caused the once-secret content of his communications with Dr. Plumb to become a matter of public record. Accordingly, the trial court erred in concluding that evidence of defendant's statements to Dr. Plumb could not be used at the trial of this case, and the court's order to that effect is reversed.

■ The State next contends that the court erred in granting defendant's motion *in limine* regarding evidence of another crime. In granting the motion, the court ruled that the State failed "to show

sufficient similarities in fact between the crimes committed in Williamson County Case 82—CF—9 and the crimes alleged to have been committed by same defendant in this case." A trial court's determination regarding admissibility of other crimes will not be disturbed on review unless it constitutes a clear abuse of discretion (*People v. Funches* (1978), 59 Ill. App. 3d 71, 73, 375 N.E.2d 135). In order for evidence to be admissible against a defendant under a theory of *modus operandi*, there must be a strong and persuasive showing of similarity between the two crimes; in other words, it must be established that the two crimes share some distinctive features that are not common to most offenses of the type at issue. (*People v. Tate* (1981), 87 Ill. 2d 134, 141-43, 429 N.E.2d 470.) Here, the court's conclusion that the State failed to show the requisite similarities between the two crimes is well supported by the evidence. The Williamson County case did not involve a completed kidnaping and sex act, while the instant case did; different knives were used in each case; and the Williamson County assailant attempted to force the victim into his truck, while the assailant in this case entered the victim's car. Moreover, while rope and a handkerchief were found in defendant's truck after he was arrested following the Williamson County offense, and while the victim in this case was allegedly blindfolded with a handkerchief and tied with a rope, we cannot say that these factors are so unique to cases of this type as to establish *modus operandi*. Finally, while the State argues that evidence of defendant's arrest in Williamson County is admissible even if evidence of his crime there is not, this theory was not advanced at the hearing in the trial court, and is not properly before us on review. *People v. Herndon* (1982), 105 Ill. App. 3d 167, 170, 434 N.E.2d 10.

For the foregoing reasons, the order of the circuit court granting defendant's motion to preclude evidence of defendant's statements to Dr. Plumb is reversed. The order granting defendant's motion *in limine* to preclude "other crimes" evidence is affirmed, and this cause is remanded for further proceedings not inconsistent herewith.

Affirmed in part, reversed in part and remanded.

WELCH, P.J., and KARNS, J., concur.