SUSAN L. GLEASON, a/k/a Susan L. Dickerson, Plaintiff-Appellee, v. ST. ELIZABETH MEDICAL CENTER, Defendant-Appellant.

Fifth District No. 5—84—0789

Opinion filed June 24, 1985.

G. Keith Phoenix and Ann M. Effinger, both of Shepherd, Sandberg & Phoenix, P.C., of St. Louis, Missouri, for appellant.

Edward F. O'Malley, of O'Malley & O'Malley, of Belleville, and Ray A. Gerritzen, of Gerritzen & Gerritzen, of St. Louis, Missouri, for appellee.

JUSTICE HARRISON delivered the opinion of the court:
Defendant, St. Elizabeth Medical Center, appeals pursuant to Su-

preme Court Rule 308 (87 Ill. 2d R. 308) from an order of the circuit court of Madison County directing it to answer certain interrogatories propounded by plaintiff, Susan Gleason, in the course of her medical malpractice action against defendant and Dr. Avivi Heiman. For the reasons which follow, we affirm the order of the circuit court.

While the order of the circuit court directs defendant to answer numerous interrogatories, the disputed interrogatories can be classified as falling into three categories for purposes of analysis here. In the first category of interrogatories, plaintiff seeks information regarding what steps defendant took to supervise Dr. Heiman, or to bar him from operating on patients at defendant's institution, following the taking of certain depositions in other malpractice complaints filed against Dr. Heiman. Defendant objected to these interrogatories based on section 8—2101 of the Code of Civil Procedure, which provides, in pertinent part:

> "All information, interviews, reports, statements, memoranda or other data of the Illinois Department of Public Health, the Illinois Department of Mental Health and Developmental Disabilities, Illinois State Medical Society, allied medical societies, physician-owned inter-insurance exchanges and their agents, or committees of licensed or accredited hospitals or their medical staffs, including Patient Care Audit Committees, Medical Care Evaluation Committees, Utilization Review Committees, Credential Committees and Executive Committees, (but not the medical records pertaining to the patient), used in the course of internal quality control or of medical study for the purpose of reducing morbidity or mortality, or for improving patient care, shall be privileged, strictly confidential and shall be used only for medical research, the evaluation and improvement of quality care, or granting, limiting or revoking staff privileges, except that in any hospital proceeding to decide upon a physician's staff privileges, or any judicial review thereof, the claim of confidentiality shall not be invoked to deny such physician access to or use of data upon which such a decision was based." Ill. Rev. Stat., 1984 Supp., ch. 110, par. 8—2101.

██ █ While defendant renews its objections on this ground before this court, analysis of the applicable statute leads us to conclude that the trial court did not err in ordering defendant to answer this group of interrogatories. By its express terms, section 8—2101 applies to "information, interviews, reports, statements, memoranda, or other data" used by the hospital for the enumerated purposes. The first group of interrogatories does not seek information or reports of

the type protected by the statute, but, rather, concerns only actions taken by the hospital following depositions apparently critical of Dr. Heiman's professional performance. Our supreme court has recognized that the purpose of the statute "is to ensure the effectiveness of professional self-evaluation, by members of the medical profession, in the interest of improving the quality of health care." (*Jenkins v. Wu* (1984), 102 Ill. 2d 468, 480, 468 N.E.2d 1162.) While virtually every action of a doctor or hospital could, in some sense, arguably be connected to something that was said, done or recorded at a peer review session, the statute evinces a legislative intent to shield the review process itself, and not actions later taken in consequence of that process. Under these circumstances, we cannot say that the trial court erred in directing defendant to answer this group of interrogatories. The same conclusion obtains with respect to the second category of interrogatories, which sought only disclosure of the names of people who provided information concerning Dr. Heiman prior to his admission to defendant's staff. It has not been shown that any of this information falls within the scope of what is protected by the statute, and we see no basis upon which to disturb this portion of the trial court's order.

 The third and final group of interrogatories consists of those in which plaintiff sought disclosures from the medical records of other patients who had filed malpractice actions against defendant and Dr. Heiman. While it has been held that the physician-patient privilege prohibits a physician from revealing to a malpractice plaintiff information regarding the physician's other, nonparty patients (*Parkson v. Central DuPage Hospital* (1982), 105 Ill. App. 3d 850, 854, 435 N.E.2d 140), *Parkson* did not involve a situation in which the other patients had also filed malpractice actions against the physician. It has been recognized that a patient who places his physical condition in issue in a court proceeding waives the physician-patient privilege (*Tylitzki v. Triple X Service, Inc.* (1970), 126 Ill. App. 2d 144, 151, 261 N.E.2d 533), and that nonconstitutional privileges such as that conferred by statute here (Ill. Rev. Stat. 1983, ch. 110, par. 8—802) are generally lost when the privilege holder discloses the protected information (see *People v. Phillips* (1984), 128 Ill. App. 3d 457, 459, 470 N.E.2d 1137). Since the other patients in question here waived the physician-patient privilege by filing malpractice actions against defendant and Dr. Heiman, the trial court properly rejected defendant's argument that the matters sought in these interrogatories were protected by that privilege.

For the reasons given, the order appealed from is affirmed. In

view of our disposition of this cause, we need not address the constitutional issues raised by plaintiff.

Affirmed.

KASSERMAN and KARNS, JJ., concur.