(text box: 1) NO. 5-00-0056

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

WARREN REAGAN, as Special )  Appeal from the

Administrator for the Estate of )  Circuit Court of 

Michael K. Reagan, Deceased, )  St. Clair County.

)

     Plaintiff-Appellant, )

) 

v. )  No. 99-CH-726

)

LLOYD SEARCY, )

)

     Defendant-Appellee, )

)

and )

)

PROTESTANT MEMORIAL MEDICAL )

CENTER, INC., and DIANA M. WARNER, )  Honorable 

)  Patrick M. Young,

     Defendants. )  Judge, presiding.

________________________________________________________________________

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court: 

Warren Reagan (plaintiff) sought the medical records of Lloyd Searcy (defendant) in an arbitration proceeding concerning underinsured-motorist insurance coverage.  The proceedings are entitled In the Matter of the Arbitration Between: Warren and Michael Reagan vs. State Farm Insurance Company.  Defendant and his medical care providers refused to supply the medical records.  Plaintiff then filed a separate petition for a rule to show cause as to why defendant and his care providers should not be held in contempt for their refusals.  The trial court granted defendant's motions to dismiss the petition for a rule to show cause.  

Plaintiff contends that the medical records should be discoverable in the arbitration proceeding.  He bases this contention on several theories, one of which is the holding in 
Gleason v. St. Elizabeth Medical Center
, 135 Ill. App. 3d 92, 481 N.E.2d 780 (1985).  We overrule our decision in 
Gleason
 and affirm the dismissal of the petition.

FACTS

On March 27, 1994, defendant and Michael Reagan were involved in a head-on collision.  Michael Reagan, a minor, died of injuries sustained in the accident, and he left his parents and three minor siblings surviving.  Plaintiff is the administrator of Michael Reagan's estate.  An underinsured-motorist claim is currently pending, and it involves the issue of defendant's sobriety at the time of the accident.  Defendant's liability insurance company has already paid its policy limit of $20,000 toward settling the claim.  The insurance company for Michael Reagan's estate also has paid its policy limit of $100,000 to defendant.

Defendant was deposed for the pending arbitration proceedings.  During the deposition, defendant stated that he had shared "a pitcher or so" of beer with a companion prior to the accident.  Defendant sustained multiple injuries in the collision and was seen by doctors at Protestant Memorial Hospital.  Defendant refused to sign an authorization for the release of those medical records. 

On April 21, 1998, a subpoena requesting the medical records for defendant's treatment following the accident was served on Diana M. Warner, the medical records supervisor at Protestant Memorial Medical Center, Inc.  On April 24, 1998, Warner refused to honor the subpoena.  As indicated earlier, plaintiff's petition for a rule to show cause was denied.  Plaintiff has appealed.

ANALYSIS

I.

Generally, a patient's medical records are protected by the physician-patient privilege.  This privilege exists to encourage disclosure between a doctor and a patient and to protect the patient from an invasion of privacy.  
People v. Bates
, 169 Ill. App. 3d 218, 224, 523 N.E.2d 675, 679 (1988).  This is a nonconstitutional privilege that is conferred by section 8-802 of the Code of Civil Procedure (735 ILCS 5/8-802 (West 1994)).  The statute lists several exceptions that allow the disclosure of the information, despite the existence of the privilege.  735 ILCS 5/8-802(1) through (10) (West 1994).  In addition, a patient may lose the privilege by waiving it.  
Bates
, 169 Ill. App. 3d at 224, 523 N.E.2d at 679.  It is important to note at this time that plaintiff's brief cites to the version of the statute that included the changes made by Public Act 89-7, which became effective March 9, 1995 (735 ILCS 5/8-802 (West Supp. 1995)).  That act was held to be unconstitutional in its entirety, in 
Best v. Taylor Machine Works
, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997).  We, therefore, cite to the pre-1995 version of the statute, which is still in effect.

Section 8-802 states the general privilege: 

"No physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve the patient *** ."  735 ILCS 5/8-802 (West 1994).

The next portion of section 8-802 lists various exceptions to that general rule. The statute provides that such information may be disclosed: 

"(3) with the expressed consent of the patient *** [or] (4) in all actions brought by or against the patient, his or her personal representative, a beneficiary under a policy of insurance, or the executor or administrator of his or her estate wherein the patient's physical or mental condition is an issue[.]"  735 ILCS 5/8-802(3), (4) (West 1994). 

There are additional exceptions listed in the statute, but they are inapplicable in this instance.

II.

Plaintiff argues that he should be allowed access to defendant's medical records because exception (4) applies in this situation.  Exception (4) allows for the disclosure of such information "in all actions brought by or against the patient, his or her personal representative, a beneficiary under a policy of insurance, or the executor or administrator of his or her estate wherein the patient's physical or mental condition is an issue[.]"  735 ILCS 5/8-802(4) (West 1994).  Specifically, plaintiff argues that both the estate itself and the beneficiaries under the insurance policy brought the arbitration proceeding in which defendant's physical condition and mental condition are at issue and that, thus, defendant has waived the privilege.  However, a careful reading of the statute reveals that it is only when the 
patient
, the 
patient's representative
, or the 
patient's beneficiary
 has brought such an action that the privilege is waived under this exception.  In this proceeding, defendant is not the person bringing the action.  Thus, this argument fails.  To the extent that plaintiff argues that the statute also provides for disclosure in actions brought by or 
against
 the patient, we note that the "against the patient" phrase cannot apply in this case because the underinsured-motorist claim was brought against State Farm Insurance Company, not defendant. 

Second, plaintiff argues that since defendant earlier brought a claim against the estate of Michael Reagan, he has waived the privilege.  Plaintiff is correct that defendant made a claim, and if plaintiff had sought the discovery of defendant's records in that case, they would have been discoverable.  But plaintiff did not seek the discovery of the records in that case, and that case has been settled.  Only the underinsured-motorist arbitration proceeding is still pending.  Plaintiff's theory that the exception is still valid because this underinsured-motorist action is merely a continuation of the claims process surrounding the collision is speculative at best and is unsupported by any authority whatsoever. 

III.

Plaintiff argues that this case is analogous to 
Gleason v. St. Elizabeth Medical Center
, in which the court required compliance with a subpoena to obtain the medical information of nonparties, because their privileges had been waived in earlier cases.  
Gleason v. St. Elizabeth Medical Center
, 135 Ill. App. 3d 92, 481 N.E.2d 780 (1985).  In 
Gleason
, each of the nonparties had previously brought claims against the physician that Gleason charged with malpractice.  
Gleason
, 135 Ill. App. 3d at 95, 481 N.E.2d at 781.

We recognize the holding in 
Gleason
 and now overrule it.  The problem with 
Gleason
 is that it allowed far too much access to a nonparty's medical records.  By allowing those records to be eternally available merely because the nonparty/patient had waived the privilege in an earlier court proceeding, this court extended the theory of waiver far beyond what the legislature could have intended in section 8-802.  By creating the physician-patient privilege, the legislature statutorily recognized the patient's interest in maintaining confidentiality in the relationship with his or her physician.  
People v. Bickham
, 89 Ill. 2d 1, 6, 431 N.E.2d 365, 368 (1982).  This privilege is for the benefit of the patient.  
Bickham
, 89 Ill. 2d at 6, 431 N.E.2d at 368.  When a plaintiff waives the privilege by filing a lawsuit, he or she waives it for that lawsuit only.  Otherwise, the filing of a suit could be considered a waiver of the plaintiff's medical privilege from that point forward.  

Defendant, a nonparty/patient, has not waived the privilege because he previously made a claim against the estate of Michael Reagan.  That claim was settled.  To the extent that 
Gleason
 holds that because a patient waived the privilege in one action the privilege is waived in any future action, we overrule that holding.

IV.

Lastly, plaintiff believes that the medical records should be made available because they may contain relevant evidence of defendant's intoxication.  Plaintiff argues that because the records may contain evidence of intoxication, they could reflect on defendant's ability to observe and recall events accurately, which has been held to be a valid reason to provide such records.  See 
Clarke v. Rochford
, 79 Ill. App. 2d 336, 224 N.E.2d 679 (1967); 
Miller v. People
, 216 Ill. 309, 74 N.E. 743 (1905).  However, those cases are distinguishable because they focused on the medical records of a 
party
.  Defendant is not a party to the pending arbitration proceeding. 

Several cases have dealt with the rights of nonparty patients with respect to the physician-patient privilege.  See 
Parkson v. Central DuPage Hospital
, 105 Ill. App. 3d 850, 435 N.E.2d 140 (1982); 
Ekstrom v. Temple
, 197 Ill. App. 3d 120, 553 N.E.2d 424 (1990); 
House v. SwedishAmerican Hospital
, 206 Ill. App. 3d 437, 564 N.E.2d 922 (1990); 
Glassman v. St. Joseph Hospital
, 259 Ill. App. 3d 730, 631 N.E.2d 1186 (1994).  Most recently, the court in 
In re D.H.
 reviewed the case law in this area and found that Illinois law is clear that the medical records of nonparties are protected by the privilege.  
In re D.H.
, 319 Ill. App. 3d 771, 774, 746 N.E.2d 274, 276 (2001).  Courts have also recognized that this privilege may act to bar information which is relevant to the issue involved in the case.  
House
, 206 Ill. App. 3d at 444, 564 N.E.2d at 927.  Defendant is only a witness in this case; the fact that his medical records may contain relevant evidence is not enough to overcome the privilege that protects the medical records of a nonparty.

CONCLUSION

This case does not fall into any valid exception to the physician-patient privilege, and we conclude that the privilege was not waived.  Therefore, we conclude that defendant's medical records are not available to plaintiff in this proceeding, and we affirm the dismissal of the petition for a rule to show cause why defendant, Protestant Memorial Medical Center, Inc., and Diana M. Warner should not be held in contempt of court.

Affirmed.

RARICK and HOPKINS, JJ., concur.

                                      NO. 5-00-0056

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

WARREN REAGAN, as Special )  Appeal from the

Administrator for the Estate of )  Circuit Court of 

Michael K. Reagan, Deceased, )  St. Clair County.

)

     Plaintiff-Appellant, )

) 

v. )  No. 99-CH-726

)

LLOYD SEARCY, )

)

     Defendant-Appellee, )

)

and )

)

PROTESTANT MEMORIAL MEDICAL )

CENTER, INC., and DIANA M. WARNER, )  Honorable 

)  Patrick M. Young,

     Defendants. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: June 21, 2001

___________________________________________________________________________________

Justices
: Honorable Charles W. Chapman, P.J.

Honorable Philip J. Rarick, J., and 

Honorable Terrence J. Hopkins, J.,

Concur

___________________________________________________________________________________

Attorney
 George R. Ripplinger, George R. Ripplinger and Associates, 2215 West Main Street,

for
 Belleville, IL 62226-6692

Appellant
 

___________________________________________________________________________________

Attorney
 Brian A. Babka, Chatham & Babka, 4010 N. Illinois, Swansea, IL 62226

for
 

Appellee
 

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 06/21/01.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.