(No. 93299.—

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* THE DEPARTMENT OF PROFESSIONAL REGULATION, Appellant, v. THOMAS G. MANOS, D.D.S., *et al.*, Appellees.

*Opinion filed December 5, 2002.*

James E. Ryan, Attorney General, of Springfield (Joel D. Bertocchi, Solicitor General, and Diane M. Potts, Assistant Attorney General, of Chicago, of counsel), for appellant.

Paul E. Chronis and Mary E. Mayhan, of McDermott, Will & Emery, of Chicago, for appellees.

William E. Feurer, of Springfield, for *amici curiae* Illinois State Dental Society *et al.*

JUSTICE FREEMAN delivered the opinion of the court:

Defendants, Drs. Thomas G. Manos and Mark Kolozenski, refused to produce two patient dental records and patient appointment schedules named in a subpoena *duces tecum* issued by plaintiff, the Department of Professional Regulation (hereafter Department), pursuant to section 60d of the Civil Administrative Code of Illinois (20 ILCS 2105/60d (West 1998) (recodified as 20 ILCS 2105/2105—105 (West 2000))). Upon granting the Department's motion for summary judgment, the circuit court of Cook County ordered defendants to produce the records requested in the Department's subpoena *duces tecum* with the patient names and any other identifying information redacted. On appeal, the appellate court affirmed in part, holding that defendants must disclose the patient appointment schedules with the names and addresses of the patients identified therein. 326 Ill. App. 3d 698, 708. However, the appellate court also reversed in part, holding that the Department could not compel defendants to produce the requested dental records since they were protected by the physician-patient privilege (735 ILCS 5/8—802 (West 2000)). 326 Ill. App. 3d at 709. We allowed the Department's petition for leave to appeal under Supreme Court Rule 315(a) (177 Ill. 2d R. 315(a)).

For the reasons that follow, we affirm the appellate court's judgment.

## BACKGROUND

Defendants are board-certified and licensed dentists in the State of Illinois and each has a license to practice periodontics in this state. On November 4, 1999, defendants received a subpoena *duces tecum* from the Department requesting that they produce (1) the complete dental records—excluding X rays but including patient history, progress notes, anesthesthia records, claim forms, *etc.*—for the two patients named therein, and (2) the complete appointment schedules for the 22 days listed, including the names, addresses and phone numbers of the patients treated. Defendants produced all nonprivileged documents to the Department and withheld only those documents containing confidential and privileged patient treatment information.

On February 3, 2000, the Department filed a complaint in the circuit court of Cook County to enforce its administrative subpoena *duces tecum*. Among other things, the complaint stated that defendants were the subjects of an administrative investigation that was being conducted by the Department. Defendants waived service of summons and answered the complaint by asserting the physician-patient privilege as an affirmative defense. Both parties thereafter moved for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (735 ILCS 5/2—1005 (West 2000)).

On July 31, 2000, the circuit court conducted a hearing on the Department's motion for summary judgment. After hearing arguments from both parties, the circuit court granted the Department's motion for summary judgment and ordered defendants to produce the records requested in the Department's subpoena *duces tecum* with the patient names and any other identifying information removed.

On appeal, the appellate court found that dentists are surgeons and, accordingly, the physician-patient privilege held by patients is applicable to them. 326 Ill. App. 3d at 707. Therefore, the appellate court held that the Department could not compel defendants to produce the confidential information contained in the dental records of patients. 326 Ill. App. 3d at 709. In addition, the appellate court found that the information contained in the appointment schedules was not protected by any privilege. 326 Ill. App. 3d at 708. Thus, the appellate court ordered defendants to produce the appointment schedules for the dates listed in the Department's subpoena with the names, addresses and phone numbers of the patients treated. 326 Ill. App. 3d at 708.

## ANALYSIS

Neither party disputes the appellate court's judgment affirming the circuit court's ordering of defendants to produce the appointment schedules for the dates listed in the Department's subpoena *duces tecum* with the names, addresses and phone numbers of the patients treated. Therefore, the sole issue before this court is whether the Department can compel defendants to produce the confidential material contained in their patient records. The question is one of statutory interpretation and, as such, our standard of review is *de novo. People v. Rivera*, 198 Ill. 2d 364 (2001).

The Department initially maintains that the broad investigatory powers bestowed upon it by the General Assembly in the Civil Administrative Code of Illinois (20 ILCS 2105/2105—1 *et seq.* (West 2000)) prevail over any assertion of the physician-patient privilege that a subject of an investigation might raise. Stated differently, it is the Department's position that the physician-patient privilege has no applicability during the course of an investigation. This is so, the Department argues, because the Illinois Dental Practice Act (225 ILCS 25/1 (West

2000)) and the Civil Administrative Code empower the Department, in the course of an investigation, to compel the production of any books, papers, records, or any other documents which the agency deems relevant or material to any such investigation at any time. We cannot agree.

We first note that the legislature did not expressly state in the Civil Administrative Code that the investigatory powers given to the Department override the physician-patient privilege which exists in Illinois. That privilege, which was codified by the General Assembly in section 8—802 of the Code of Civil Procedure (see 735 ILCS 5/8—802 (West 1994)[1]), stands as a testament to the legislature's recognition of a patient's interest in maintaining confidentiality in his or her medical dealings with his or her health-care provider. However, the privilege is not limitless, and the General Assembly has specifically delineated 10 exceptions in which the privilege may yield. See 735 ILCS 5/8—802 (West 2000). None of the exceptions, however, refer to the investigatory powers of the Department. To hold as the Department suggests would force this court to read a provision into the Civil Administrative Code that is not there and to read an exception into the physician-patient privilege statute that also is not there. This we are not prepared to do because " '[t]he only legitimate function of the courts is to declare and enforce the law as enacted by the legislature, to interpret the language used by the legislature where it requires interpretation, and not to annex new provisions or substitute different ones, or read into a statute exceptions, limitations, or conditions which depart from its plain meaning.' " *Bronson v. Washington*

---

[1]Public Act 89—7, which amended section 8—802, was held unconstitutional in *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 378 (1997). Therefore, the statutory language reverts to the pre-amended language as indicated in Public Act 87—803, section 2, effective July 1, 1992.

*National Insurance Co.*, 59 Ill. App. 2d 253, 261-62 (1965), quoting *Belfield v. Coop*, 8 Ill. 2d 293, 307 (1956).

Our conclusion in this regard is in keeping with this court's history in upholding the viability of the privilege against the broad powers of an investigatory authority. In *People v. Bickham*, 89 Ill. 2d 1 (1982), a grand jury issued two subpoenas *duces tecum* to a doctor for the medical records of 63 patients. *Bickham*, 89 Ill. 2d at 2. One of the patients consented to the disclosure, but the consent of the other patients was never secured. *Bickham*, 89 Ill. 2d at 3-4. The circuit court ordered the doctor to turn over the records, but he refused and was cited for contempt of court. The matter ultimately reached this court. We noted that, contrary to the State's position, none of the exceptions to the physician-patient privilege set forth in the statute applied to the facts of the case. We therefore held that except for the records released by the single patient, the remainder of the patient information requested from the grand jury was protected by the privilege. We so held despite our acknowledgment of "the desirability in maintaining the breadth of the grand jury's power to conduct investigations regarding criminal violations." *Bickham*, 89 Ill. 2d at 5-6.

We note that a grand jury has extensive powers to subpoena witnesses and obtain any documents relevant to any matter under investigation. 725 ILCS 5/112—4(b) (West 2000). Like the appellate court below, we believe that "[i]f, as in *Bickham*, the broad power of the grand jury to investigate criminal violations must yield to the privacy concerns protected by the physician-patient privilege, then *** the investigatory powers of the Department must also yield." 326 Ill. App. 3d at 709. We, therefore, reject the Department's contention that its broad investigatory powers under the Civil Administrative Code of Illinois and the Illinois Dental Practice Act

prevail over the statutorily enacted physician-patient privilege.

The Department next contends that even if the statutory physician-patient privilege is applicable to its investigations, the appellate court erred in holding that dentists fall within the statute's ambit. In other words, the Department maintains that the physician-patient privilege does not apply to dentists. Defendants respond that dentists are indeed surgeons and thus included under the physician-patient privilege.

Whether a dentist falls within the purview of the physician-patient privilege is a matter of first impression in this state. At common law, the communications between a doctor and a patient were not privileged. *Geisberger v. Willuhn*, 72 Ill. App. 3d 435, 436-37 (1979). Nevertheless, as alluded to in our discussion regarding the Department's broad investigatory powers, our General Assembly has statutorily protected from disclosure certain information obtained by a physician or surgeon in his professional relationship with a patient (735 ILCS 5/8—802 (West 1994)). Therefore, any questions regarding the privilege must be resolved by interpreting section 8—802, which states in pertinent part:

> "No physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve the patient ***." 735 ILCS 5/8—802 (West 1994).

In interpreting the statute, our primary goal is to ascertain and give effect to the intention of the legislature. *People v. Woodard*, 175 Ill. 2d 435, 443 (1997). This inquiry appropriately begins with the language of the statute (*Woodard*, 175 Ill. 2d at 443), as the language used by the legislature is the best indication of legislative intent (*Nottage v. Jeka*, 172 Ill. 2d 386, 392 (1996)). "To accomplish this goal, words used in the statutory provi-

sion should be given their plain and ordinary meaning." *People v. Hicks*, 164 Ill. 2d 218, 222 (1995). Where the words themselves are unambiguous, there is no need to resort to external aids of interpretation. *Hicks*, 164 Ill. 2d at 222. However, when the language used is susceptible to more than one equally reasonable interpretation, the court may look to additional sources to determine the legislature's intent. *Hicks*, 164 Ill. 2d at 222.

The parties disagree as to whether dentists are physicians, but the primary focus of both parties centers around whether dentists are surgeons. With respect to both contentions, the parties cite to cases outside of Illinois as support for their respective positions. However, we believe that our resolution of these questions best rests with a review of the language used by the General Assembly in other legislative acts which address the medical and dental professions.

Under the Illinois Medical Practice Act of 1987, the legislature defines a physician to be "a person licensed under the Medical Practice Act to practice medicine in all of its branches or a chiropractic physician licensed to treat human ailments without the use of drugs and without operative surgery." 225 ILCS 60/2 (West 2000). In order to practice dentistry in the State of Illinois, one must be licensed to do so under the Illinois Dental Practice Act (225 ILCS 25/8 (West 2000) ("[n]o person shall practice dentistry without first applying for and obtaining a license for such purpose from the Department")). The legislature defines a dentist as "a person who has received a general license pursuant to paragraph (a) of Section 11 of this [Illinois Dental Practice] Act and who may perform any intraoral and extraoral procedure required in the practice of dentistry and to whom is reserved the responsibilities specified in Section 17." 225 ILCS 25/4(d) (West 2002). In this case, defendants are only licensed under the Illinois Dental Practice Act to

practice dentistry; therefore, it is clear that they are not considered "physicians" according to the legislature's own definition. Accordingly, dentists are not physicians for purposes of the physician-patient privilege. Therefore, we must determine whether dentists are surgeons.

Since the legislature does not provide us with a definition of "surgeon" within the statutes, we look to other sources for its plain and ordinary meaning. A surgeon is defined as "a medical specialist who performs surgery." Webster's Third New International Dictionary 2300 (1993). Surgery is defined as "a branch of medicine that is concerned with diseases and conditions requiring or amenable to operative or manual procedures." Webster's Third New International Dictionary 2301 (1993). As alluded to above in the legislature's definition of a dentist under the Illinois Dental Practice Act, section 17, "Acts Constituting the Practice of Dentistry," states:

"A person practices dentistry, within the meaning of this Act:

(1) Who represents himself as being able to diagnose or diagnoses, treats, prescribes, or *operates* for any disease, pain, deformity, deficiency, injury, or physical condition of the human tooth, teeth, alveolar process, gums or jaw; or
***

(3) Who performs dental *operations* of any kind[.]" (Emphases added.) 225 ILCS 25/17(1), (3) (West 2000).

The definition of the word "operate" is "to perform surgery." Webster's Third New International Dictionary 1580 (1993). Given the above plain and ordinary meanings of the key operative words at issue in this case, and section 17 of the Illinois Dental Practice Act, we find it difficult to make any other conclusion but that dentists are indeed surgeons.

A review of the historical underpinnings of our dental practice statute strengthens our conclusion. The first known dental act to exist in Illinois was established in 1881 and was entitled "An Act to insure the better education of Practitioners of Dental *Surgery*, and to regulate

the practice of Dentistry in the State of Illinois." (Emphasis added.) Ill. Rev. Stat. 1881, ch. 38a, par. 33 *et seq.*

In 1905, the General Assembly repealed the 1881 Act and replaced it with a new dental Act. In this 1905 dental act, the legislature provided the State of Illinois with its first definition of the practice of dentistry:

> "Any person shall be regarded as practicing dentistry or *dental surgery* within the meaning of this act, who shall treat, or profess to treat any of the diseases or lesions of human teeth or jaws or extract teeth or shall prepare and fill cavities in human teeth or correct the malposition of teeth or supply artificial teeth as substitutes for natural teeth: \*\*\* This act shall not prevent students from performing *dental operations* \*\*\*." (Emphases added.) Ill. Rev. Stat. 1905, ch. 91, par. 39.

The General Assembly amended the dental surgery act in 1929 and expanded the definition of dentistry and its practitioners. The definition-of-dentistry provision was amended to provide the following:

> "A person practices dentistry or *dental surgery*, within the meaning of this Act, who represents himself as being able to diagnose, treat, remove stains and concretions from teeth, *operate* or prescribe for any disease, pain, injury, deficience, deformity or physical condition of the human teeth, alveolar process, gums or jaw \*\*\*." (Emphases added.) Ill. Rev. Stat. 1929, ch. 91, par. 60.

Public Act 84—365, effective January 1, 1986, repealed Illinois' 1909 dental act and replaced it with an act titled "The Illinois Dental Practice Act," which was "[a]n Act to regulate the practice of dentistry in the State of Illinois \*\*\*." Ill. Rev. Stat. 1985, ch. 111, pars. 2301 through 2357. Lastly, in 1992, with the General Assembly's codification of this state's statutes as the Illinois Compiled Statutes, the statute was codified under chapter 225, "Professions and Occupations." See 225 ILCS 25/1 *et seq.* (West 1992). This remains the operative act to date.

The foregoing lengthy excursion into the historical background of dental practice in this state serves to underscore the fact that our legislature has viewed surgery to be part and parcel of a dentist's professional responsibilities. This is evidenced not only by the titling of the act itself as "Dental Surgery" (1885 through 1977) and the use of key words such as "dental surgery" and "dental operations," but through the evolution and expansion of the acts that constituted the practice of dentistry with the addition of the term "operate" in 1929. It should be noted that the term "operate" has never left Illinois' dental act statutes since 1929. Thus, the historical legislation of our dental practice statute supports the conclusion that dentists are surgeons within the meaning of the physician-patient privilege. Accordingly, we conclude that dentists are surgeons and, as such, information acquired by dentists in attending any patient in a professional character, necessary to enable dentists to professionally serve the patient, are confidential for purposes of the physician-patient privilege (735 ILCS 5/8—802 (West 1994)).

Having concluded that dentists fall within the ambit of the statutory privilege, we must next determine whether operation of the privilege protects the information requested by the Department in this case. Defendants maintain that the privilege prevents them from producing confidential patient records unless one of the exceptions listed in the physician-patient privilege applies and, in this case, defendants argue that none of the exceptions are applicable. We agree.

The exceptions outlined in the physician-patient privilege are as follows:

> "except only (1) in trials for homicide when the disclosure relates directly to the fact or immediate circumstances of the homicide, (2) in actions, civil or criminal, against the physician for malpractice, (3) with the expressed consent of the patient, or in case of his or her death or disability, of

his or her personal representative or other person authorized to sue for personal injury or of the beneficiary of an insurance policy on his or her life, health, or physical condition, (4) in all actions brought by or against the patient, his or her personal representative, a beneficiary under a policy of insurance, or the executor or administrator of his or her estate wherein the patient's physical or mental condition is an issue, (5) upon an issue as to the validity of a document as a will of the patient, (6) in any criminal action where the charge is either first degree murder by abortion, attempted abortion or abortion, (7) in actions, civil or criminal, arising from the filing of a report in compliance with the Abused and Neglected Child Reporting Act, (8) to any department, agency, institution or facility which has custody of the patient pursuant to State statute or any court order of commitment, (9) in prosecutions where written results of blood alcohol tests are admissible pursuant to Section 11—501.4 of the Illinois Vehicle Code or (10) in prosecutions where written results of blood alcohol tests are admissible under Section 5—11a of the Boat Registration and Safety Act." 735 ILCS 5/8—802 (West 1994).

The primary purpose of the physician-patient privilege is to encourage free disclosure between a doctor and a patient and to protect the patient from embarrassment and invasion of privacy that disclosure would entail. See *LoCoco v. XL Disposal Corp.*, 307 Ill. App. 3d 684, 689 (1999), citing *People v. Herbert*, 108 Ill. App. 3d 143, 149 (1982). The physician-patient privilege is one of trust and confidence in which the patient knowingly seeks the doctor's assistance and the doctor knowingly accepts the person as a patient. See *XL Disposal Corp.*, 307 Ill. App. 3d at 689, quoting *Reynolds v. Decatur Memorial Hospital*, 277 Ill. App. 3d 80, 85 (1996). The legislature has recognized the patient's interest in maintaining confidentiality in his or her dealings with a physician or surgeon by enacting the physician-patient privilege in section 8—802. *Bickham*, 89 Ill. 2d at 6. As with other statutory privileges, the physician-patient privilege is a legislative balancing between relationships that society feels should

be fostered through the shield of confidentiality and the interests served by disclosure of the information. See *Parkson v. Central Du Page Hospital*, 105 Ill. App. 3d 850, 854 (1982). Lastly, the physician-patient privilege is for the benefit of the patient and is not to be used as a shield by doctors. *Bickham*, 89 Ill. 2d at 6.

In the present case, the Department alleges in its verified complaint that defendants are the subjects of an administrative investigation that was being conducted by the Department. In furtherance of this investigation, the Department requested the complete dental records of the two patients named in its subpoena *duces tecum*. While defendants complied with the subpoena *duces tecum* by producing all nonconfidential documents, they refused to furnish any portions of the patients' records obtained in a professional manner in order to treat their patients. Because dentists are surgeons, we agree with our appellate court that the Department cannot compel the production of confidential patient dental records absent a showing that one of the 10 statutory exceptions applies (735 ILCS 5/8—802 (West 1994)). 326 Ill. App. 3d at 708. As we noted in our earlier discussion regarding the Department's contention that the privilege did not apply to Department investigations, our General Assembly created the physician-patient privilege for the benefit of patients. To help guard this benefit, the legislature established a limited number of circumstances in which physicians and surgeons are allowed to produce confidential patient record information. Courts must apply these existing exceptions and cannot create additional exceptions to the privilege. See *Bickham*, 89 Ill. 2d at 6; see also *People ex rel. Birkett v. City of Chicago*, 184 Ill. 2d 521, 528 (1998) ("this court has repeatedly concluded that the extension of an existing privilege or establishment of a new one is a matter best deferred to the legislature"). As we noted previously, investigations

conducted by the Department are not listed as an exception under the physician-patient privilege to compel physicians and surgeons to produce confidential patient records. If we were to concede to the Department's request in this case, we not only would be creating another exception to the privilege, but would cause the privilege to be mute in its purpose. Accordingly, we conclude that the physician-patient privilege enacted by our legislature prevents defendants in this case from producing any confidential patient dental records as requested in the Department's subpoena *duces tecum.*

The Department next argues that deleting the patient names and identifying information from the records removes the records from protection under the physician-patient privilege. The Department contends that this approach safeguards the privacy concerns of the patients that lie at the heart of the privilege while allowing the Department to discharge its investigatory duty under the Civil Administrative Code.

We find our appellate court's decision in *Parkson v. Central Du Page Hospital*, 105 Ill. App. 3d 850 (1982), to be helpful in addressing the Department's contention. In *Parkson*, the Department sought specific medical information concerning nonparty patients. *Parkson*, 105 Ill. App. 3d at 855. In response to the Department's assertion that the physician-patient privilege would not be violated by excluding the names and identifying numbers from the patient records, the appellate court stated:

> "Whether the patients' identities would remain confidential by the exclusion of their names and identifying numbers is questionable at best. The patients' admit and discharge summaries arguably contain histories of the patients' prior and present medical conditions, information that in the cumulative can make the possibility of recognition very high. [Citation.] As the patients disclosed this information with an expectation of privacy, their rights to confidentiality should be protected." *Parkson*, 105 Ill. App. 3d at 855.

The appellate court also rejected the Department's request to require the production of the patient records through the entry of a protective order, finding that the physician-patient privilege would still be violated. *Parkson*, 105 Ill. App. 3d at 855.

We believe the rationale employed in *Parkson* to be applicable to the present case. As in *Parkson*, the two named patients whose records were subpoenaed by the Department are not parties to this case. In addition, we note that the Department has the names of the two patients whose records it is seeking, as shown in its subpoena *duces tecum*. Therefore, even if the names were redacted along with any other identifying information, the possibility of recognizing and equating a record to each patient would not be difficult. Thus, we hold that merely deleting the patient names and other identifying information from patient records would violate the physician-patient privilege.

## CONCLUSION

For the foregoing reasons, the appellate court's judgment is affirmed.

*Affirmed.*