GZIME MENOSKI, a Minor, by Neim Menoski *et al.*, Her Parents and Next Friends, Plaintiffs-Appellees, v. S.K. SHIH *et al.*, Defendants (Michael F. Henrick, Contemnor-Appellant).

Second District   No. 2—92—0264

Opinion filed February 24, 1993.—Rehearing denied April 14, 1993.

D. Kendall Griffith and Nancy G. Lischer, both of Hinshaw & Culbertson, of Chicago, for appellant.

Patrick A. Salvi and Megan E. Chadwick, both of Law Offices of Patrick A. Salvi, of Waukegan, for appellees.

JUSTICE QUETSCH delivered the opinion of the court:

Plaintiff, Gzime Menoski, by her parents and next friends, Neim Menoski and Fatime Menoski, sued defendants S.K. Shih, M.D., Ltd., Shien-Keng Shih, M.D. (collectively, Shih), Victory Memorial Hospital (Victory) and Maryln Zelenz for medical malpractice. In this appeal, Victory's attorney, Michael Henrick, appeals the circuit court's order finding him in contempt of court for refusing to produce for an *in camera* inspection Victory's complete credentials file on Dr. Shih. Contemnor contends that the file is privileged pursuant to the Medical Studies Act (Act) (Ill. Rev. Stat. 1991, ch. 110, par. 8—2101 *et seq.*).

Plaintiff filed a medical malpractice complaint against Shih, his corporation, Victory, and a nurse. Count II of the complaint alleged that the hospital was negligent in, *inter alia*, granting obstetrical privileges to Shih.

During discovery, plaintiff served defendant with a notice to produce which included a request for:

"7. A copy of all materials *ever* submitted by Dr. Shih or obtained by you that in whole or in part were relied upon in

determining his obstetrical privileges in 1982." (Emphasis in original.)

Victory failed to produce these documents, and plaintiff filed a motion to compel production of "all documents related to hospital privileges of Dr. Shih."

Following a hearing on plaintiff's motion on December 5, 1991, the court ordered production of various documents, including (1) Shih's educational transcripts, (2) his applications for appointment to Victory's staff and for specific privileges, (3) "materials regarding initial privileges granted to Dr. Shih and any modifications, restrictions, revocations, letters of resignation or withdrawal which preceded or were subsequent to peer-review process," and (4) written criteria for each category of privileges granted to Shih.

In response, Victory produced Shih's privilege card and his application for staff privileges with references deleted. Victory stated that it was not in possession of any educational transcripts. It stated that it was in possession of a letter of resignation from Shih, which was based on the cost of insurance and not peer review. The hospital objected to production of the letter on the ground of relevance, but stated that it would produce it for an *in camera* inspection if ordered to do so. Victory's response also stated:

"The credentials file contains additional materials which it is the position of this defendant are protected under Ch. 110, §8—2101 in that they are used 'in the course of quality control or of medical studies for the purposes of reducing mortality or morbidity or for improving patient care' and to produce said materials, even in an in camera inspection, is violative of Ch. 110, §8—2105 and would constitute 'a Class A misdemeanor.' "

On January 14, 1992, the court ordered Victory to produce "the entire credentials file of Dr. Shih" for an *in camera* inspection. When Victory failed to do so, plaintiff filed a petition for a rule to show cause why Victory's attorney should not be held in contempt. On February 5, the court held Henrick in contempt and fined him $1 per day until the materials were produced. Contemnor filed a timely notice of appeal.

■ As a preliminary matter, we address plaintiff's contention that we have no jurisdiction to hear this appeal. Plaintiff contends that the order finding attorney Henrick in contempt was not a final order and contained no finding pursuant to Supreme Court Rule 304(a) that would make it immediately appealable. (See 134 Ill. 2d R. 304(a).) Plaintiff suggests that we apply Rule 304(a) to orders of

contempt. It is well established, however, that a contempt order is final and appealable. (*Laurent v. Brelji* (1979), 74 Ill. App. 3d 214, 216; see also *Flannery v. Lin* (1988), 176 Ill. App. 3d 652, 655.) We decline plaintiff's invitation to overrule this long line of precedent.

On the merits, contemnor states that the issue on appeal is whether the documents the trial court ordered produced are privileged under the Medical Studies Act. We cannot squarely address this issue, however, since the documents have never been produced even to the trial court *in camera* and are not contained in the record. Rather, we perceive the issue to be whether the trial court abused its discretion in ordering the documents to be produced for an *in camera* inspection.

Victory and contemnor claim that Shih's credentials file is privileged and confidential pursuant to the Medical Studies Act. Section 8—2101 of the Act provides as follows:

> "All information, interviews, reports, statements, memoranda or other data of *** committees of licensed or accredited hospitals or their medical staffs, including Patient Care Audit Committees, Medical Care Evaluation Committees, Utilization Review Committees and Executive Committees, (but not the medical records pertaining to the patient), used in the course of internal quality control or of medical study for the purpose of reducing morbidity or mortality, or for improving patient care, shall be privileged, strictly confidential and shall be used only for medical research, the evaluation and improvement of quality care, or granting, limiting or revoking staff privileges, except that in any hospital proceeding to decide upon a physician's staff privileges, or in any judicial review thereof, the claim of confidentiality shall not be invoked to deny such physician access to or use of data upon which such a decision was based." Ill. Rev. Stat. 1991, ch. 110, par. 8—2101.

■ The purpose of the Act is to facilitate professional self-evaluation by members of the medical profession. It is based on the premise that absent such a privilege physicians would be reluctant to sit on peer-review committees and engage in frank evaluation of their colleagues. *Jenkins v. Wu* (1984), 102 Ill. 2d 468, 480.

Not every document which has some connection to a peer-review committee is subject to the privilege. (*Gleason v. St. Elizabeth Medical Center* (1985), 135 Ill. App. 3d 92, 95.) Documents such as applications for privileges and educational transcripts are generated prior to the peer-review process and are therefore not privileged.

(*Richter v. Diamond* (1985), 108 Ill. 2d 265, 269; *Willing v. St. Joseph Hospital* (1988), 176 Ill. App. 3d 737, 743.) Similarly, the privilege does not apply to actions taken as a result of the process. (*Richter*, 108 Ill. 2d at 269; *Gleason*, 135 Ill. App. 3d at 95.) As a result, questions frequently arise concerning whether particular documents are covered by the privilege.

Contemnor contends that he has produced all discoverable material and that additional documents in Victory's possession are privileged pursuant to the Act. He further maintains that the privilege provided by the Act is absolute, so that he need not produce the documents even for an *in camera* inspection. We disagree.

■ This court recently rejected a similar contention in *Ekstrom v. Temple* (1990), 197 Ill. App. 3d 120. We noted that a party claiming a privilege has the burden of establishing that the privilege applies. A party's "mere assertion that the matter is confidential and privileged will not suffice." (197 Ill. App. 3d at 127.) In that case, as in the instant case, the contemnors merely objected that the documents were privileged. We held that they should have supported their claim of privilege either by producing the materials for an *in camera* inspection or by submitting affidavits setting forth facts sufficient to establish the applicability of the privilege to the particular documents. 197 Ill. App. 3d at 127.

We agree with the statement in *Walker v. Alton Memorial Hospital Association* (1980), 91 Ill. App. 3d 310, 313:

> "It is a rule of law too elementary to require citation that the court and no one else—certainly not the parties—determines whether that which is offered into evidence is properly admissible. In order to rule upon that question, the court must have an opportunity to acquaint itself with the nature of the material offered."

The same consideration applies to the question of whether a given document is discoverable.

■ The applicability of a discovery privilege is a matter of law for the court to determine, but the question of whether specific materials are part of a medical study is a factual question within that legal determination. *Niven v. Siqueira* (1985), 109 Ill. 2d 357, 368; *Willing v. St. Joseph Hospital* (1988), 176 Ill. App. 3d 737, 744.

■ To accept contemnor's contention would leave the determination of whether a given document was required to be produced to the unfettered discretion of the party possessing it or its attorneys. The court would have no opportunity to review the party's asser-

tion of the privilege. While we do not question the good faith of the instant parties, such a rule has obvious potential for abuse.

Our conclusion is not altered by the fact that section 2105 of the Act makes the unauthorized disclosure of the privileged information a Class A misdemeanor. (Ill. Rev. Stat. 1991, ch. 110, par. 8—2105.) In construing a statute, courts will presume that the legislature did not intend absurdity, inconvenience or injustice. (*Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 195.) To hold that a court could order a party to produce a document and that a branch of the same court could find that party guilty of a criminal offense for obeying that order would indeed be absurd. We hold that producing documents pursuant to a valid court order is not an unauthorized disclosure which would render the complying party guilty of a misdemeanor. The supreme court recently reviewed an order requiring the disclosure of certain documents which had been produced for an *in camera* inspection. (*Roach v. Springfield Clinic* (1992), 157 Ill. 2d 29.) While the court reversed the order denying disclosure, it did not suggest that the *in camera* review was improper, or that the defendant's attorney should be charged with a crime for complying with the trial court's order.

Contemnor cites *People v. Foggy* (1988), 121 Ill. 2d 337, *cert. denied* (1988), 486 U.S. 1047, 100 L. Ed. 2d 628, 108 S. Ct. 2044, for the proposition that he cannot be compelled to produce the documents for an *in camera* inspection. In *Foggy*, the supreme court interpreted the scope of the privilege accorded to records of counselling provided to a rape victim by a rape crisis center. (See Ill. Rev. Stat. 1987, ch. 110, par. 8—802.1.) The court held that defendant had no constitutional right to have the court conduct an *in camera* inspection of such material. (*Foggy*, 121 Ill. 2d at 347.) The court noted that the legislature had deleted from the statute a provision which specifically called for an *in camera* inspection procedure (121 Ill. 2d at 348) and that the role of rape counsellors is not to investigate the occurrence (121 Ill. 2d at 348-49). The court apparently concluded that any information in the possession of the counsellors was unlikely to be relevant to the criminal prosecution of defendant. The court noted that defendant's request for the records was merely general and did not allege that material useful to the defense was likely to be found. 121 Ill. 2d at 347.

*Foggy* is distinguishable from the instant case. In this case, plaintiff's request was not merely general, but was specifically directed to material which is quite likely to be relevant to the issue of

whether the hospital was negligent in granting obstetric privileges to Dr. Shih. Moreover, unlike the statute at issue in that case, the legislature has not specifically deleted an *in camera* review provision. Rather, we presume the legislature is aware of previous decisions such as *Ekstrom* requiring the submission of documents for an *in camera* inspection, and the legislature has not seen fit to amend the statute. Finally, we note that the documents at issue in *Foggy* were in the possession of a neutral third party, and there was no question that the documents were subject to the privilege. Thus, there was no potential for abuse from self-determination of the privilege by a party to the litigation.

Contemnor also cites *Mennes v. South Chicago Community Hospital* (1981), 100 Ill. App. 3d 1029, where the court refused to order an *in camera* inspection to determine whether certain requested documents were privileged. The court held that such an inspection was unnecessary because the very wording of the request to produce established "on its face" that the material sought was privileged. 100 Ill. App. 3d at 1032.

We are unable to say that the hospital's "credentials file" on its face contains privileged material. Victory has already produced some documents, apparently from Shih's credentials file, thus essentially conceding that some material demanded by the court's January 14 order was not privileged. We cannot say that the phrase "credentials file" by itself necessarily implies that all the material therein is privileged. The determination of whether a given document within the file is subject to the privilege should be made by the trial court, and not by the party in possession of the documents. *Ekstrom*, 197 Ill. App. 3d at 127.

■ Contemnor's final contention in this regard is that his signature on the production response establishes that all matters contained therein are true and that therefore an *in camera* inspection is unnecessary. Rule 137 provides that an attorney's signature on a document signifies that he has conducted a reasonable investigation of the facts and law contained therein and *believes* that it is well-grounded in fact. It does not establish that the facts contained therein are in fact true. (134 Ill. 2d R. 137.) To accept this argument would obviate the need for any legal proceedings whatsoever, since an attorney's signature on a complaint would establish the truth of the matters asserted, dispensing with the need for a finder of fact.

Plaintiff requests that we review and affirm several of the trial court's rulings requiring the production of specific documents.

These rulings are contained in the court's December 5 order, which is not before this court. Only the order of contempt, and by implication the January 14 order on which it is based, is the subject of this appeal. (See *Flannery*, 176 Ill. App. 3d at 655.) We have no jurisdiction to review additional interlocutory orders of the trial court. See 134 Ill. 2d R. 301.

For the foregoing reasons, the order of the circuit court holding contemnor in contempt of court is affirmed.

Affirmed.

WOODWARD and GEIGER, JJ., concur.