2021 IL App (3d) 180664

Opinion filed April 9, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| CATERPILLAR, INC., | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Peoria County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| VOLT INFORMATION SCIENCES, INC., | ) | |
| d/b/a Volt Services Group; | ) | |
| AMERICAN HOME ASSURANCE | ) | |
| COMPANY; ST. PAUL FIRE & MARINE | ) | Appeal No. 3-18-0664 |
| INSURANCE COMPANY; ACE AMERICAN | ) | Circuit No. 14-MR-417 |
| INSURANCE COMPANY; and ENDURANCE | ) | |
| AMERICAN SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (St. Paul Fire & Marine Insurance Company, | ) | The Honorable |
| | ) | Michael P. McCuskey, |
| Defendant-Appellant). | ) | Judge, presiding. |

_____

PRESIDING JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Daugherity and O'Brien concurred in the judgment and opinion.

_____

**OPINION**

¶ 1     In 2014, the plaintiff, Caterpillar, Inc., sued several defendants, including St. Paul Fire &

Marine Insurance Company (Travelers) and Volt Information Sciences, Inc., d/b/a Volt Services

Group (Volt), seeking to recover liability and defense costs from the settlement of a civil action in Alabama. As part of discovery in the case, Caterpillar requested certain documents from Travelers related to claims and reinsurance files. Travelers resisted disclosing those documents, including through the production of heavily redacted documents. After the circuit court ordered Travelers to produce unredacted versions of the documents, Travelers refused to comply with the court's order and requested that it be held in contempt. The court obliged, and Travelers appealed. On appeal, Travelers argues that the circuit court erred when it (1) ordered it to produce the documents sought by Caterpillar, (2) failed to conduct an *in camera* review before ordering the documents to be produced, and (3) failed to find that the documents were outside the scope of the court's discovery-limiting order. Travelers also requests that this court reverse an entry of sanctions and the contempt finding and its associated fine. We reverse and remand.

¶ 2                                I. BACKGROUND

¶ 3        In 2005, Bender Shipbuilding & Repair Co., Inc. (Bender), entered into a contract with Seacor Marine, LLC (Seacor), to build several ships in Alabama, including one named the M/V Seacor Sherman. Bender contracted to purchase and install Caterpillar engines on the ship. On May 14, 2008, a fire occurred in the engine room of the ship being built in Alabama by Bender, causing significant damage. Subsequently, Bender and Seacor filed civil actions in Alabama state court against several defendants, including Caterpillar, alleging negligence, violation of the Alabama extended manufacturers liability doctrine, wantonness, and fraud and misrepresentation. The actions were consolidated and will be referred to hereinafter as the Bender Action.

¶ 4        In March 2013, Bender amended its complaint to allege that a specific employee at the Caterpillar plant in Indiana where the engine was made was ultimately responsible for the engine

failure because he neglected to install an oil plug. This employee, Ross White, had been provided to Caterpillar by Volt through an employment services contract called the Managed Service Provider Agreement (MSPA). Based on this allegation, Caterpillar issued a demand on Volt in April 2013 for full indemnity based on the terms of the MPSA. Volt, which was not a named defendant in the Bender Action, refused to indemnify Caterpillar. Volt also contacted its insurance broker, Willis North America, Inc. (Willis). Notice of Caterpillar's demand for indemnification was then given to American Home Assurance Company (AIG), which hired a third-party claim administrator, Gallagher Bassett Services, Inc. (Gallagher). Gallagher then hired the law firm of Alford Bolin to defend Volt regarding Caterpillar's demand for indemnification.

¶ 5        In April 2014, mediation occurred in the Bender Action. Caterpillar and four insurance companies, including Travelers, participated in the mediation. Volt refused to participate. As a result of the mediation, the Bender Action settled for $46 million. Caterpillar contributed $10 million to the settlement. Volt's primary insurer, AIG, contributed its full policy limit of $2 million. Travelers, Volt's excess insurer, contributed $3 million, even though its policy limit was $25 million. Caterpillar's insurers, ACE American Insurance Company and Endurance American Specialty Insurance Company, contributed the remaining amount.

¶ 6        On June 23, 2014, Caterpillar filed a complaint in Illinois state court against Volt, AIG, Travelers, ACE, Endurance, and Beazley Insurance Company, Inc. Regarding Travelers, Caterpillar alleged breach of contract in that Travelers improperly denied its duty to pay Caterpillar's liability and defense costs in the Bender Action. Caterpillar also sought declaratory relief regarding Travelers' actions.

¶ 7        During pretrial, Caterpillar had issued subpoenas to Willis and Gallagher, and Volt filed motions for protective orders, asserting various privileges. In February 2018, the circuit court stayed the subpoenas until after it could conduct *in camera* reviews of the documents. As of the time of this appeal, no further action had been taken on that matter.

¶ 8        On July 28, 2017, Caterpillar filed a motion to compel production of certain documents from Travelers. Caterpillar contended that it was an additional insured under Volt's insurance policy from Travelers and noted that Travelers was contesting that status. Caterpillar further noted that it had served interrogatories and requests for production on Travelers that were relevant to its claim as an additional insured under Volt's policy. However, Travelers refused to produce four categories of documents: "(1) underwriting file documents and information; (2) documents interpreting policy provisions; (3) claim file documents; and (4) reinsurance materials."

¶ 9        In November 2017, after substantial briefing and argument, the circuit court entered orders limiting the scope of discovery in the case. Regarding Caterpillar's claims against Travelers, the court ordered:

> "(a) With respect to the claims against Travelers:
>
>> (1) The assessment of whether the *Bender* Settlement is covered, *i.e.*, whether Caterpillar settled a covered claim in reasonable anticipation of liability, is determined by the record in the *Bender* Action;
>>
>> (2) As a result, the scope of relevant discovery is as follows:

(A) 'Your Work' to ascertain the intended meaning and scope of the term as used in Travelers' policy;

(B) Notice;

(C) Caterpillar's allegation that Travelers engaged in vexatious and unreasonable conduct;

(D) Choice of law, if necessary; and

(E) The *Bender* Action record, but only to the extent of inquiring into the liability actually being asserted by the underlying plaintiffs prior to settlement and Caterpillar's and the plaintiffs' assessment of that liability at the time of settlement.

(3) No discovery is allowed to develop new theories of liability or causation not asserted by the *Bender* plaintiffs through their lawyers at the time of settlement;

(4) No discovery is allowed to supplement the *Bender* Action record with evidence not actually developed in that case at the time of the settlement; and

(5) No discovery is allowed to determine the actual cause or actual liability in the settled *Bender* Action.

(b) With respect to the priority of recovery or the order of payment relating to the funding of the *Bender* Settlement and the parties' reservation of rights or lack thereof, no limitation on the scope of discovery beyond the limitation already set forth in the civil code.

5

(c) In their dispute with each other, Travelers and Volt should be similarly limited to the *Bender* Action record."

¶ 10  Thereafter, in December 2017, Caterpillar revised and renewed its motion to compel. Caterpillar argued that the four categories of documents were prepared in the ordinary course of business and, therefore, were not privileged. Caterpillar also argued that the privilege logs Travelers had prepared regarding the documents were facially deficient because Travelers had "[failed] to identify the author or recipient of numerous documents on its logs, [withheld] thousands of documents in a single log entry, and [attached] three generic entries to most of the communications that it withheld."

¶ 11  In opposing the motion to compel, Travelers argued, *inter alia*, (1) that Caterpillar had failed to prove that the documents were relevant to the claims pending in the circuit court action and (2) that the documents were privileged. Travelers requested that the court outright deny the motion or, in the alternative, allow it to amend the privilege logs if necessary to further explain the documents. Travelers also requested that the court conduct an *in camera* review of the documents before it issued any order compelling their production.

¶ 12  On March 21, 2018, the circuit court issued its ruling on Caterpillar's motion to compel. First, the court found that the motion sought information that fell within the scope of the court's prior order limiting discovery. Second, the court ordered Travelers to produce "(1) underwriting information (Request No. 5); (2) documents interpreting the Travelers' Policy language at issue (Request Nos. 15, 16, 22, and 23); (3) reinsurance information (Request Nos. 19 and 20); and (4) documents from Travelers' claim file (Request Nos. 2, 8, and 9)." Third, the court ordered, *inter alia*, Travelers to produce revised privilege logs for numerous documents.

¶ 13        The circuit court issued a second order on March 21, 2018, that denied an open motion from Travelers that sought to compel Caterpillar to produce witnesses for depositions, further responses to interrogatories, requests for admission, and requests for production. The court ruled that Travelers' motion sought information that was outside the scope of the court's order limiting discovery. In particular, the court found that Travelers was attempting to relitigate the underlying Bender Action, develop new theories of liability or causation, and gather evidence not developed at the time of the Bender Action.

¶ 14        Travelers filed motions to reconsider the circuit court's orders of March 21, 2018, arguing that the court misapplied the law in both instances. Caterpillar's responses claimed that Travelers had not met the standard for motions to reconsider and was merely repeating arguments on which it had lost several times. Accordingly, Caterpillar requested the imposition of sanctions against Travelers for causing unnecessary delay or needless increase in the cost of litigation.

¶ 15        The circuit court denied Travelers' motions to reconsider in May 2018. In part, the court agreed with Caterpillar that Travelers' motions caused unnecessary delay and needlessly increased the cost of litigation. The sanctions imposed later by the court amounted to $43,368.56 in fees and costs.

¶ 16        In June 2018, Travelers produced redacted documents and privilege logs. Caterpillar objected to the redactions.

¶ 17        On August 7, 2018, the circuit court ordered Travelers to produce unredacted versions of the claims and reinsurance documents requested by Caterpillar, ruling that the documents were ordinary business documents and were therefore discoverable. The court did not conduct an *in*

*camera* review of the documents before so ordering. Additionally, the court clarified that "this motion today is not in any way directed against Volt. It's against Travelers."

¶ 18    Shortly thereafter, Travelers filed a motion for protective order, which sought to protect portions of the claims and reinsurance files assertedly impacted by attorney-client privilege, work product doctrine, and insurer-insured privilege. Alternatively, Travelers stated it would respectfully decline to produce the privileged documents and therefore asked that it be held in civil contempt to facilitate an appeal. Volt filed a motion, joining in Travelers' motion, claiming that as Volt's liability insurer, Travelers was in possession of documents to which Volt claimed privileges, and that Caterpillar was accordingly trying to obtain from Travelers what it could not obtain directly from Volt.

¶ 19    On October 15, 2018, the circuit court held a hearing on Travelers' motion. The court reiterated its ruling that the documents sought by Caterpillar were ordinary business documents. Accordingly, the court entered a contempt finding against Travelers under Illinois Supreme Court Rule 304(b)(5) (eff. Mar. 8, 2016) and fined it $1000. Further, the court noted that Volt did not request a contempt finding against it because Volt had not been required to produce anything by Caterpillar. Because Volt was never ordered to produce anything, the court denied Volt's request for a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) so it could also appeal the court's ruling.

¶ 20    Travelers appealed. Volt also filed an independent and separate appeal.

¶ 21                    II. ANALYSIS

¶ 22    On appeal, Travelers argues that the circuit court erred when it (1) ordered Travelers to produce the documents sought by Caterpillar, (2) failed to conduct an *in camera* review before ordering the documents to be produced, and (3) failed to find that the documents were beyond

8

the scope of the discovery-limiting order. Travelers also requests that this court reverse the entry of sanctions and the contempt finding, including the associated fine. Our analysis begins with Travelers' second argument.

¶ 23 Initially, we note that this case is before us on appeal of a contempt order. "Where an individual appeals a contempt judgment imposed for violating a discovery order, that discovery order is also subject to appellate review." *Youle v. Ryan*, 349 Ill. App. 3d 377, 380 (2004). We review a circuit court's discovery decision for an abuse of discretion. *Id.*

¶ 24 Discovery is limited to matters relevant to the subject matter of the pending action. Ill. S. Ct. R. 201(b)(1) (eff. July 1, 2014). Notably, relevant materials may not be discoverable if they are protected by privileges. Illinois Supreme Court Rule 201(n) (eff. July 1, 2014) provides:

> "When information or documents are withheld from disclosure or
> discovery on a claim that they are privileged pursuant to a common
> law or statutory privilege, any such claim shall be made expressly
> and shall be supported by a description of the nature of the
> documents, communications or things not produced or disclosed
> and the exact privilege which is being claimed."

A party claiming that discovery material is privileged "may not merely assert that the matter is confidential and privileged; rather, he should support such a claim 'either by producing the materials for an *in camera* inspection or by submitting affidavits setting forth facts sufficient to establish the applicability of the privilege to the particular documents.' " *Youle*, 349 Ill. App. 3d at 382 (quoting Menoski v. Shih, 242 Ill. App. 3d 117, 121 (1993)).

¶ 25 In this case, Travelers had asserted that the documents sought by Caterpillar were protected by the attorney-client privilege, the work-product doctrine, and the insurer-insured

privilege. Travelers had compiled privilege logs regarding these claims, including revised logs at the direction of the circuit court in its order of March 21, 2018. Despite the revised privilege logs, the court never conducted an *in camera* review of the documents to determine if they were in fact privileged. Rather, the court took great exception to the heavily redacted versions Travelers had produced in June 2018 and simply ordered Travelers to produce unredacted versions of those documents. Pursuant to Rule 201 and the Fourth District's persuasive ruling in *Youle*, we hold that the court's failure to conduct an *in camera* review of the documents before requiring their unredacted production constituted an abuse of discretion. See *id.* at 381-82. Relatedly, we decline to address Travelers' arguments on the merits of those asserted privileges, as the decision of whether the privileges warrant nondisclosure is best left to the circuit court, which has, as yet, made no *informed* decision for our review.

¶ 26        We further decline to address Travelers' argument that the circuit court erred when it ruled that the documents Caterpillar sought were within the scope of the discovery-limiting order of November 2017. We note that Travelers' argument on this issue is laden with speculation. However, because the court did not conduct an *in camera* review of the documents before ordering their unredacted production, the court should use that opportunity on remand to properly review the documents to ensure that they are in fact relevant and within the scope of the November 2017 order. See *id.* at 380-81 (" 'a court should deny a discovery request where there is insufficient evidence that the requested discovery is relevant or will lead to such evidence' " (quoting Leeson *v. State Farm Mutual Automobile Insurance Co.*, 190 Ill. App. 3d 359, 366 (1989))).

¶ 27        Lastly, we note that due to the circuit court's failure to conduct an *in camera* review of the documents before ordering their unredacted production, we necessarily must vacate the

10

court's sanctions order and contempt order. See *id.* at 382. Our rulings on these matters should not be construed as a ruling on their merits or this court condoning the manner in which Travelers resisted the court's orders.

¶ 28                                    III. CONCLUSION

¶ 29        The judgment of the circuit court of Peoria County is reversed and the cause is remanded.

¶ 30        Reversed and remanded.

**No. 3-18-0664**

| | |
|---|---|
| **Cite as:** | *Caterpillar, Inc. v. Volt Information Sciences, Inc.*, 2021 IL App (3d) 180664 |
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 14-MR-417; the Hon. Michael P. McCuskey, Judge, presiding. |
| **Attorneys for Appellant:** | Roderick T. Dunne, Linda J. Carwile, and Michelle M. Blum, of Karbal, Cohen, Economou, Silk & Dunne, LLC, of Chicago, and A. Eric Aguilera, Raymond E. Brown, and Aaron M. Daniels, of The Aguilera Law Group, of Costa Mesa, California, for appellant. |
| **Attorneys for Appellee:** | Christopher J. Spanos, of Westervelt, Johnson, Nicoll & Keller, LLC, of Peoria, and Andrew M. Reidy, Courtney E. Alvarez, and Joseph M. Saka, of Lowenstein Sandler LLP, of Washington, D.C., for appellee. |